## SANDERS v. JEFFERSON STANDARD LIFE INS. CO.

(District Court, S. D. Mississippi, Jackson Division. April 2, 1925.)

### No. 219.

1. **Insurance ☞400—Court's duty to ascertain parties' intention respecting incontestability clause from plain and unambiguous language of policy.**

In absence of statute relating to incontestability provision of life and accident policy, it was duty of court to ascertain intention of parties from plain and unambiguous language of policy.

2. **Insurance ☞645(2)—Allegations and proof necessary to recovery under alternative provision of combination life and accident policy stated.**

Under combination life and accident policy unconditionally promising to pay (1) certain sum in case of ordinary death, (2) double amount in case of accidental death not accruing under certain circumstances, or (3) monthly installments for permanent injuries or disabilities, it is only necessary in first instance to allege and prove death, but in second it is necessary to allege and prove accidental death of character embraced in provision, and in third injury or disability not resulting in death of kind described in provision therefor.

3. **Contracts ☞152—Redundancy cannot destroy meaning of other language used, not infected with such vice.**

In construing contract, it is court's duty to give full effect to entire language thereof; but redundancy cannot destroy meaning of other language used, not infected with this vice.

4. **Insurance ☞400 — Incontestability clause held not to prevent insurer from showing particular alternative benefit which insured is entitled to receive.**

Incontestability clause, in policy providing for one of two or more benefits in case of ordinary or accidental death, accident, or disability, does not prohibit insurer from showing particular alternative benefit which insured is entitled to receive.

5. **Insurance ☞400—Insurer held not prohibited by incontestability clause from denying double liability for death inflicted by another.**

Under combination life and accident policy, providing that provisions for double indemnity do not apply to death from injuries inflicted by another, and making policy incontestable after first year, except for nonpayment of premium, *held*, that insurer was not prohibited from denying double liability, where insured was shot by another.

In Equity. Suit by R. M. Sanders, administrator of the estate of William Thomas Sanders, deceased, against the Jefferson Standard Life Insurance Company. Bill dismissed.

This case originated in the chancery court of Hinds county, and was removed by the defendant to the District Court of the United States for the Jackson Division of the Southern District of Mississippi. It was tried on the equity side of the docket, on bill, answer, and an agreed statement of facts. The double indemnity provision of the policy, referred to in the opinion, is as follows:

"The company will pay the beneficiary in full settlement of all claims hereunder double the face amount of this policy, if during the premium paying period, and before default in the payment of any premium, and before waiver of any premium on account of disability, and before any nonforfeiture provision is in effect, the death of the insured results from bodily injury within 90 days after the occurrence of such injury, provided death results directly and independently of all other causes, from bodily injury effected solely through external, violent, and accidental means while the insured is sane and sober, except these provisions do not apply if the insured shall engage in military or naval service, or any allied branch thereof, in time of war, or in case death results from bodily injury inflicted by another person or by the insured himself, or in case of self-destruction at any time whether during the first policy year or afterwards, or from engaging in aeronautic or submarine operations, either as a passenger or otherwise."

Also the provision with reference to incontestability as follows:

"After this policy shall have been in force for one full year from the date hereof, it shall be incontestable for any cause except for nonpayment of premium."

The agreed statement of facts follows:

For the purpose of saving the trouble and expense of summoning witnesses and taking testimony in the above entitled cause, the following statement of facts, which shall constitute all the testimony in this case, is agreed upon to be used on the trial of this cause. For the above purposes it is mutually agreed by complainant and defendant as follows, to wit:

(1) That the complainant, R. M. Sanders, is the duly appointed and legally qualified administrator of the estate of William Thomas Sanders, deceased, and is now acting as such administrator under appointment by the chancery court of Copiah county, Miss., and was so duly appointed and qualified at the time of the institution of this suit, having been appointed and having duly qualified as such on December 26, 1923.

(2) That on December 14, 1923, policy No. 103316 on the life of William T. Sanders, issued by the Jefferson Standard Life Insurance Company, defendant herein, was in full force and effect, and had been in force for one full year, and further since the date of its issuance in December, 1919.

(3) That on October 29, 1919, William Thomas Sanders made application to the Jefferson Standard Life Insurance Company, defendant in this case, hereinafter referred to as the company, for life insurance. A photographic copy of said application is attached to the answer and marked Exhibit 29 thereto, reference to which is made. The application contains the following language: "I agree that my acceptance of any policy issued on this application shall constitute a ratification by me of any corrections, additions, or changes made by the company in the space provided for home office indorsements." In the space so designated for home office indorsement is notation showing that a $9,000 policy and a $6,000 policy were issued, to wit, No. 102101 and No. 102102, respectively. Said policies corresponded in every particular to the application submitted by the assured, and said policies were identical in language, form, and provisions with the policy sued on, except that the policy sued on is in the sum of $20,000. That said two policies, one for $9,000 and one for $6,000, were delivered to the assured and accepted by him.

(4) Thereafter the two policies aforesaid were returned to the company, and in lieu thereof the policy sued on, for $20,000, was issued, the original of which is attached to this agreement; the same having been delivered to and accepted by the assured.

(5) At or about the time of the issuance of the policy in question, the company loaned to Mr. Sanders $20,000, secured by a deed of trust upon real estate belonging to the assured, and the policy sued on, being policy No. 103316, in the sum of $20,000, was assigned to the company as security for the said loan, the amount of cash received by the said assured appearing in the company's answer to the prayer for discovery contained in this case, reference to which is now made, which policy was in the hands of the said company at the time of the death of the insured, and when said proof of death was executed by complainant.

(6) That the copy of said policy attached to the original bill of complaint is a correct copy, and may be considered as a part of the evidence in this case. That the original of said policy is filed herewith, marked Exhibit No. 1.

(7) That William Thomas Sanders, insured under the above policy, died December 14, 1923, as the result of a gunshot wound inflicted without any fault on the part of or warning to said William Thomas Sanders, while insured was sane and sober, insured dying instantly, and at the request of the defendant it is further agreed, subject to exception for incompetency, irrelevancy, and immateriality that said gunshot wound which caused the death of the insured was inflicted by a negro who became enraged at insured and who intentionally and without warning shot the insured to death with a pistol.

(8) That due and proper proof was given of the death of the insured to the Jefferson Standard Life Insurance Company and is filed herewith marked Exhibit No. 2. A certified copy of the report of his death to the bureau of vital statistics of the state of Mississippi is filed herewith marked Exhibit No. 3.

(9) That the Jefferson Standard Life Insurance Company recognizes that said policy was in full force and effect at the time of the death of the said William Thomas Sanders and paid to R. M. Sanders, administrator, etc., the sum of $17,902.26, being $20,000, less $2,097.74, which deduction was claimed by the company to consist of two items of a policy loan of $1,979 and accrued interest thereon of $118.74 which two sums the defendant insurance company claimed to be due by the insured at the time of his death to said insurance company, and claimed to be deductible from the $20,000, the face amount of said policy for death from ordinary causes.

(10) That the Jefferson Standard Life Insurance Company represented to complainant that $17,902.26 was the full and complete amount due to complainant under said policy, and that there was no controversy or dispute between complainant and defendant as to the amount due to complainant, and complainant accepted said sum, believing and relying on said representations of said defendant that said sum was the full amount due to the said estate under said contract of insurance.

(11) That complainant never contended or agreed, at any time prior to or at the time of said settlement with the defendant, that the amount due under said policy was greater than $17,902.26, nor did the complainant accept and agree to accept on compromise less than the full amount due.

(12) That complainant did not accept said sum of $17,902.26 under any agreement to accept less than the full amount due under said policy, but accepted said sum, believing at that time that the true and correct amount due was said sum of $17,902.26.

(13) That no compromise was knowingly made by complainant with defendant for less than the full amount due on said policy. That complainant did not consciously and by any agreement made by him accept the smaller sum in payment of a larger one due him by defendant.

(14) That complainant receipted and surrendered said policy to the defendant and indorsed the check given for said sum of $17,902.26, filed as Exhibit No. 31 to defendant's answer, under the above circumstances.

(15) That complainant now contends that said representations, on which said amount was accepted as above set forth, were false and fraudulent both in law and in fact, but the defendant does not agree that said representations either were or are either false or fraudulent in law or in fact, and contends and asserts that it paid the full amount to which complainant was entitled.

(16) That the action of the complainant administrator in making said settlement has been reported in September, 1924, to the chancery court of Copiah county, Miss., and that the decree of the court on said report is attached hereto as a part hereof, marked Exhibit No. 3, to which the defendant objects as incompetent, irrelevant, and immaterial, because the same was procured by the complainant after the institution of this suit. That complainant first propounded his claim for the additional $20,000 insurance on the double indemnity clause of said policy of insurance in April, 1924, and the defendant first denied liability therefor on said date.

(17) That all the exhibits filed, both to the original bill of complaint and the answer of defendant, shall be considered as in evidence in this case, without being formally identified or further introduced in evidence than by this agreement.

(18) That all admissions made by the defendant in its answer herein, and all answers to interrogatories propounded in the bill of complaint, may be considered as in evidence, as well as any statement of fact set forth in the bill of complaint and not denied by the defendant in its answer.

(19) That by agreement of all parties hereto this cause shall be considered at issue and triable, and placed on the trial calendar and set down for final hearing at the November, 1924, term of federal court, Jackson division, upon bill, answer, and this agreement, and at said term shall be submitted for final hearing and decree at a time in vacation to be fixed by the court.

Executed by the parties hereto on this the ———— day of October, 1924. R. M. Sanders, Administrator of the Estate of William Thomas Sanders, Deceased, by Wells, Stevens & Jones, His Solicitors of Record. The Jefferson Standard Life Insurance Company, by Watkins, Watkins & Eager, Its Solicitors of Record.

Wells, Stevens & Jones, of Jackson, Miss., for plaintiff.

Brooks, Parker & Smith, of Greensboro, N. C., and Watkins, Watkins & Eager, of Jackson, Miss., for defendant.

HOLMES, District Judge (after stating the facts as above). This is a suit for double indemnity under a combination life and accident policy issued by the defendant company to the plaintiff's intestate. Subject to the conditions and limitations set forth in the policy, the defendant agreed to pay $20,000 in case of death from ordinary causes, or $40,000 if death resulted from accidental causes, or $200 per month in event of total and permanent disability. One of the limitations was a provision excepting liability for double indemnity in event of accidental death from bodily injuries inflicted by another person. There was also a general provision that, after the policy had been in force for one year from date, it should be incontestable for any cause, except for nonpayment of premium.

After the policy had been in force for more than one year the insured came to his death from a gunshot wound intentionally inflicted by another, death resulting immediately. The defendant has paid $20,000, the amount agreed upon in case of an ordinary death, but under circumstances which do not bar this suit in case of an additional liability. The main reliance of plaintiff is that, death having resulted more than one year after date of the policy, the incontestable provision prohibits the defendant from showing that the accidental death here sued for was excepted from the provision in the policy for double indemnity.

[1] The argument of counsel is ingenious and interesting. Many cases are cited, which by analogy are claimed to support the view that the incontestable clause cuts off every defense, except nonpayment of premium, but no case has been found where it was invoked with reference to the provision for increased indemnity for accidental death.

Many of the cases deal with statutory provisions for incontestability. These are without force here, where there is no statute on the subject, and it is the duty of the court to ascertain the intention of the parties from the plain and unambiguous language of the policy.

[2] After one year the policy contained. an absolute promise to pay (1) a certain sum in case of ordinary death; or (2) a double amount in case of a violent, accidental death not accruing under certain circumstances; or (3) monthly installments for a limited time in case of certain permanent injuries or disabilities. In the first instance it is only necessary to allege and prove the death, but in the second it is necessary to allege 'and prove an accidental death of a character embraced in the provision for double indemnity, and in the third an injury or disability, not resulting in death, of a particular kind described in the total and permanent disability provision of the policy.

[3-5] The language plainly is that the provisions for double indemnity "do not apply" in case of death from bodily injury inflicted by another. The most troublesome feature of construction is the provision in the next clause with reference to self-destruction, "whether during the first policy year or afterwards," which would seem to imply that the other exceptions would be ineffective after the first year; but, while this implication is persuasive, it ought not to be allowed to defeat the plain and unambiguous language of the balance of the exception, which provides that the provisions for double indemnity "do not apply" in case of death from bodily injury inflicted by another. If the provisions do not apply at all, of course they do not apply during the first policy year or afterwards. These words, therefore, were unnecessary, except in an effort to avoid a controversy. In construing a contract, it is the duty of the court to give full effect to the entire language employed by the parties; but redundancy cannot destroy the meaning of other language used in the contract, not infected with this vice. An incontestable clause in a policy of insurance providing for one of two or more benefits in case of death, accident, or disability cannot be construed to prohibit the company from showing the particular alternative or disconnected benefit which the insured is entitled to receive. The defendant is not contesting the policy by showing facts that determine which of separate, but not necessarily cumulative, provisions of the policy apply.

The fact of death at the hands of a third party is not being invoked here by the defendant to work a forfeiture of an unconditional promise to pay in case of accidental death, or to avoid an otherwise valid obligation, but is offered to prove that the accident by which the deceased met his death was not one covered by the double indemnity provision, but only insured against in the amount of any 'ordinary death, which sum has been paid.

From these views, it follows that the bill should be dismissed.