GEORGE BAKER, an Infant under Fourteen Years of Age, by MAY BAKER, His Guardian ad Litem, Appellant, v. MELCHIORRE ADAMO, Respondent.— Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. We are of opinion that the dismissal of the complaint by the learned trial court was not justified by the facts developed upon the trial. We are not prepared to say that the record discloses that the lifting of the section of the boiler which the infant plaintiff says fell upon him was a physical impossibility. That question could be determined only by an examination of the exact conditions existing at the time and place of the accident. An issue of fact is presented which must be determined by a jury. In view of the reversal of the judgment, the appeal from the order, based upon affidavits, denying plaintiff's subsequent motion for a new trial is dismissed. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

MAY BAKER, Appellant, v. MELCHIORRE ADAMO, Respondent.— Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event, on the grounds stated in Baker v. Adamo (ante, p. 803), decided herewith. Appeal from order denying motion for a new trial dismissed. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

ANNA M. BIRCH-FIELD and WILLIAM L. BIRCH-FIELD, Respondents, v. DAVENPORT SHORE CLUB, INC., Appellant, and WILLIAM WEISS, Individually and as Receiver in Bankruptcy of PAIN's FIREWORKS, INC., Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ.

LAWRENCE C. BRENNAN, JR., Respondent, v. ROCCO BAMBACE, Appellant.— Judgment of the City Court of White Plains unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ.

RACHEL CAMPANARO, Appellant, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.— Order of the City Court of Yonkers denying plaintiff's motion to strike out answer and for summary judgment affirmed, with ten dollars costs and disbursements. The indorsement with respect to the age on the first page of the policy may be deemed to be part of the policy; the acceptance of the policy by the deceased with that indorsement thereon may be deemed to be a representation with respect to his age, upon which representation the premiums paid by the deceased were computed. Therefore, recourse to the application to prove the character of the representation made by the deceased with respect to his age is not indispensable although such recourse has been approved. (Edelson v. Metropolitan Life Ins. Co., 95 Misc. 218; Metropolitan Life Ins. Co. v. Trilling, 194 App. Div. 178.) Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on the Complaint of ALICE STEWART, Respondent, v. ROBERT THOMPSON, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Queens, unanimously affirmed. No opinion. Present — Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on the Com-