[Civ. No. 5460.   Third Appellate District.—January 22, 1936.]

THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK (a Corporation), Appellant, v. ABRAHAM S. MARGOLIS et al., Respondents.

Frederick L. Allen, F. Eldred Boland, Knight, Boland & Riordan, J. R. Girling and O'Melveny, Tuller & Myers for Appellant.

Meserve, Mumper, Hughes & Robertson and E. Avery Crary, as *Amici Curiae* on Behalf of Appellant.

Arthur Rosenblum and Edgar C. Levey for Respondents.

PULLEN, P. J.—This is an action brought by plaintiff to rescind, for fraudulent and untrue representations, two policies of insurance. These identical contracts of insurance were issued April 18, 1927, by the Mutual Life Insurance Company of New York in favor of respondent Margolis, and provided, first, for the payment of a fixed sum to a named beneficiary upon the death of the insured; secondly, for the payment to the same beneficiary of an additional specified sum if death was the result of an accident, and lastly, for the payment to the insured of a specified monthly sum so long as he was totally and permanently disabled.

The policies were based upon and issued in reliance upon a prior written application wherein Margolis represented that he was in good health and had not suffered any illness nor been treated by a physician. In 1933, plaintiff discovered these representations were untrue and that Margolis was not in good health in April, 1927, and had been treated by a physician.

Thereupon plaintiff elected to rescind, and this action was commenced for the annulment and rescission of the provisions of the policies referring to the disability benefits. After the first witness for plaintiff had been sworn the court sustained an objection of defendant to the introduction of any evidence.

This objection to the introduction of evidence was based upon the ground that the complaint failed to state a cause of action; that the action was barred by the statute of limitations and by laches; that the contract of insurance was not severable or divisible and that by reason of an incontestability clause contained in the policies plaintiff was precluded and estopped from rescinding or contesting the validity of the contracts of insurance.

The incontestability clause appearing in the policies is in the following words:

"Except for non-payment of premiums and except for the restrictions and provisions applying to the double indemnity and disability benefits, as provided in sections 1 and 3, respectively, this policy shall be incontestable after one year from its date of issue unless the insured dies in such year, in which event it shall be incontestable after two years from its date of issue."

Plaintiff contends that it has the right to contest and rescind the disability features of the policies by reason of the exception in the incontestability clause referring to the restrictions applying to the disability benefits. Respondent upon the other hand claims that the exception in the clause reserves only to plaintiff the right to contest, not the validity of the policy but the restriction and provisions set forth in sections 1 and 3 of the policy; and that fraud not being mentioned or set forth as a restriction or provision in either sections 1 and 3 nor excepted in the incontestability clause itself, plaintiff is barred thereby from attacking the validity of the policies for alleged fraud in their procurement or inception.

Appellant urges two grounds for reversal; first that fraud vitiates an insurance contract as it does any other kind of contract, and secondly, the incontestability clause affects only the life insurance features of the contract.

The validity of a so-called incontestability clause in a contract of insurance is fully established in this state in the case of *Dibble* v. *Reliance Life Ins. Co.,* 170 Cal. 199 [149 Pac. 171, Ann. Cas. 1917E, 34], which upholds the sufficiency of such provisions in a life insurance contract and quotes from many authorities to support its conclusion. It is there held, which answers the first contention of appellant, that such a clause in à contract of insurance does not waive all defenses and condone fraud, but in so far as it allows a reasonable

opportunity to discover the fraud and grants ample time to present the defense of fraud, it is only fixing a shorter period of limitation than that provided by the general statute of limitations, and acts as a further statute of repose, which in accord with well-established principles of law the legislature can do. The Supreme Court said, adopting the opinion of Mr. Justice Burnett of this court: " . . . it was not the object of the parties to said insurance policy to exempt the insured from the consequences of his fraud, but the object and effect of said incontestable clause was simply to provide a shorter term for maintaining said claim than is prescribed by the statute of limitations. In other words, in my opinion, by said section (1668, Civ. Code) the legislature did not intend to condemn a contract that in the interest of repose and security would fix a reasonable limit for the time in which such defense might be successfully urged, but the intention was to preclude a contract that would altogether relieve either party of the consequence of his own fraud."

While the foregoing case is the only declaration of the rule in California, our task in deciding the issues presented in the instant case has been simplified by decisions of the federal courts wherein the same questions as have been raised here were met and considered and, being in accord with the logic of *Dibble* v. *Reliance Ins. Co.*, *supra*, we adopt the principles there so convincingly expressed.

In *Ness* v. *Mutual Life Ins. Co.*, 70 Fed. (2d) 59, the insurance company sought to cancel the disability and indemnity provisions of two policies of insurance wherein the incontestability clause was identical in phraseology with the clause in the case at bar, and sections 1 and 3 of the policy referred to in that case were likewise identical in phraseology with sections 1 and 3 of the policies here under examination. In the Ness case the trial court specifically found the policy was obtained by means of fraud and misrepresentation, but nevertheless Judge Parker of the United States Circuit Court of Appeals for the Fourth Circuit, interpreting the language of the incontestability clause, held that there was no ambiguity in the incontestability clause, and such clause precluded any defense that the indemnity and disability provisions were procured by fraud, and precluded a contest of the policy on any grounds which were not specifically excepted in the incontestability clause itself.

The incontestability clause here provides that the policy shall be incontestable after one year from its date of issue, except first, for the nonpayment of premiums, and secondly, except ''for the restrictions and provisions applying to the Double Indemnity and Disability Benefits as provided in Sections 1 and 3, respectively . . . ''

Briefly summarized, these restrictions and provisions in section 1 are, that upon proof that insured died as a direct result of bodily injury, effected solely through external, violent and accidental means independently and exclusively of all other causes; and that except in cases of drowning or asphyxiation there is evidence of a visible contusion or wound; that death occurred within ninety days after the injury, and that the death did not result from self-destruction, or from military or naval service in time of war, or riot, or from participation in aeronautics, or from disease or bodily or mental infirmity, double indemnity will be paid. This section also contains provisions as to right of examination of the body, and to perform an autopsy.

Section 3 relating to disability benefits defines total and permanent disability, and is followed by a provision that the disability benefits and waiver of premiums shall be granted if the insured, before attaining the age of sixty and while no premium is in default, shall furnish the company due proof of disability. Then a number of general provisions relating to disability benefits with restrictions as to certain activities of the insured are given.

The opinion in the Ness case then proceeds to analyze the exceptions and points out that the effect of the second exception is merely to preserve the rights of the company under the restrictions and provisions specifically set forth in sections 1 and 3. The purpose of the second exception as found by the court was ''to make clear that, notwithstanding the provisions of that clause, the company reserved that right to rely upon the restrictions and provisions contained in sections 1 and 3. Thus the right was reserved to contest, under section 1, liability for double indemnity in case of suicide or death resulting from military or naval service or from engaging in felony. And the right was reserved to contest, under section 3, claims for disability where due proofs had not been furnished, . . . '' The court further pointed out that the clause was dealing with defenses which might be asserted to the pol-

icy, and the exceptions were intended to except certain defenses which were enumerated in sections 1 and 3, which exceptions are not to the double indemnity or disability benefits but to the restrictions and provisions applying to the double indemnity and disability benefits.

Following the Ness case, both chronologically and in principle, are *Mutual Life Ins. Co.* v. *Markowitz,* 78 Fed. (2d) 396, and *New York Life Ins. Co.* v. *Kaufman,* 78 Fed. (2d) 378, both of which involve the same questions and the identical language in the incontestability clause as was used in the instant case, and which are both decided in the United States Circuit Court of Appeal for the Ninth Circuit, and in both Judge Denman was the author of the opinion. Also we refer to *Thompson* v. *New York Life Ins. Co.,* 9 Fed Supp. 248; *New York Life Ins. Co.* v. *Truesdale,* 79 Fed. (2d) 481; *Kiriakides* v. *Equitable Life Assurance Soc.,* 174 S. C. 140 [177 S. E. 40]; *Wilson* v. *Equitable Life Ins. Co.,* (Iowa) 262 N. W. 525.

It is unnecessary to quote from the foregoing authorities, but a brief *résumé* may not be out of order. In *New York Life Ins. Co.* v. *Kaufman, supra,* the action was for cancellation on the ground of fraudulent concealment by the insured in regard to his prior health and medical history. The trial court found the existence of fraud, and the permanent total disability of the insured, and held that the incontestability clause was not applicable to the disability portions of the contract, and directed that defendant take nothing, cancelled the disability insurance and directed the defendant to repay to the company the amounts already received as benefits. On appeal, it was held that where the contract refers to the policy and application as the entire contract, and the incontestability clause provides the policy shall be incontestable except as to the provisions and conditions relating to disability benefits, an ambiguity exists, and must therefore be resolved in favor of the insured. That this is the rule there can be no doubt. Mr. Justice Stone, in the case *Aschenbrenner* v. *United States Fidelity & Guaranty Co.,* 292 U. S. 80 [54 Sup. Ct. 590, 78 L. Ed. 1137], states the rule and reason thus:

"The phraseology of contracts of insurance is that chosen by the insurer and contract in fixed form is tendered to the prospective policy holder, who is often without technical training and who rarely accepts it with a lawyer at his elbow.

So if its language is reasonably open to two constructions, that more favorable to the insured will be adopted . . . and unless it is obvious that the words .are intended to be used in their technical connotation, they will be given the meaning that common speech imports.''

In the case of *Northern Life Ins. Co.* v. *Christie,* 179 Wash. 88 [36 Pac. (2d) 73], arising in the state of Washington, an action by an insurer was brought to cancel and rescind a policy of accident and health insurance on the ground of fraud in procuring the same and to recover back moneys paid out in monthly indemnities. The insured relied upon the incontestability clause in the policy, which read:

''Incontestability. This policy shall be incontestable after one year from the date of the policy except for the non-payment of premium or service in the army or navy in time of war.'' The court there held that such incontestability clause applied to the entire policy which was made up of provisions affecting life, health and accident protection.

We believe no further citation of authorities need be enumerated, as those herein referred to clearly express the rule as this court conceives the rule to be. The judgment from which the appeal is taken is affirmed.

Thompson, J., and Plummer, J., concurred.