[No. D021090. Fourth Dist., Div. One. Sept. 26, 1996.]

UNITED FIDELITY LIFE INSURANCE COMPANY, Plaintiff and
Appellant, v.
GREGORY D. EMERT, Defendant and Respondent.

COUNSEL

Adams, Duque & Hazeltine, James J. Moak and Berna Warner-Fredman for Plaintiff and Appellant.

Brobeck, Phleger & Harrison, Daniel G. Lamb, Jr., and Christopher H. McGrath for Defendant and Respondent.

OPINION

McINTYRE, J.—United Fidelity Life Insurance Company (United Fidelity) appeals an order granting summary judgment in favor of Gregory D. Emert

on United Fidelity's complaint for declaratory relief. United Fidelity sought to rescind a life insurance policy with a disability rider it had issued in favor of Emert, on the ground Emert fraudulently concealed his medical condition. Both the life insurance policy and the disability rider contained two-year incontestability clauses, and United Fidelity filed its complaint after the contestable period had expired. Therefore, the trial court ruled United Fidelity's action was barred and granted Emert's motion for summary judgment.

On appeal, United Fidelity originally contended that the court erred in granting Emert's motion for summary judgment because (1) as a matter of public policy, United Fidelity was entitled to rescind the life insurance policy and disability rider because Emert concealed his medical condition on the application and thereafter concealed his disability by waiting to submit a claim for disability benefits until after the contestable period expired, and (2) the doctrine of equitable tolling applied to the two-year contestable period to permit rescission of the policy in this particular situation. Emert died during the pendency of this appeal, and United Fidelity stated in its reply brief and confirmed at oral argument that it does not seek to recover any of the disability payments it made to Emert prior to his death. Thus, benefits under the disability rider are not at issue. However, United Fidelity makes the same contentions with regard to benefits under the life insurance policy. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Emert learned he was HIV positive in 1988 and was treated regularly for this condition by an HIV specialist, Dr. Steven Oppenheim. On October 28, 1990, Emert applied for an individual life insurance policy with United Fidelity and requested a disability rider. Emert was asked on the application if he had an "immune deficiency disorder" and he responded "no." Emert was also asked to list all physicians he had seen within the past five years. Emert listed only a general practitioner he had seen three years earlier. He omitted Dr. Oppenheim.

United Fidelity approved Emert's application and issued him a life insurance policy with a disability rider effective November 24, 1990. United Fidelity did not require Emert to submit to a physical exam or provide a blood sample; nor did United Fidelity contact the general practitioner Emert had identified in his application.

As required by Insurance Code[1] section 10113.5, the life insurance policy contained the following incontestability clause: "This policy will be incontestable after it has been in force during the lifetime of the insured for two

---

[1] All statutory references are to the Insurance Code.

years from the Policy Date except for non-payment of premiums."[2] The disability rider included a similar incontestability clause: "This rider will be incontestable, except for non-payment of premiums, after it has been in force during the lifetime of the insured for two years from its effective date."

Emert became totally disabled with a diagnosis of AIDS on July 31, 1991, within the two-year contestable period of the life insurance policy and the disability rider. However, Emert did not submit a disability claim to United Fidelity until approximately one month after the contestable period had expired on November 24, 1992. At that point, United Fidelity conducted an investigation and learned Emert was diagnosed as HIV positive in 1988.

On April 19, 1992, United Fidelity filed a complaint for declaratory relief seeking to rescind the life insurance policy and disability rider on the ground of fraud. The trial court concluded United Fidelity's action was barred by the incontestability provisions set forth in the life insurance policy and disability rider, and granted Emert's motion for summary judgment.

### DISCUSSION

### I

■ Preliminarily, we note United Fidelity's notice of appeal states the appeal is taken from an order granting summary judgment. An order granting summary judgment is nonappealable. (*Avila* v. *Standard Oil Co.* (1985) 167 Cal.App.3d 441, 445 [213 Cal.Rptr. 314].) However, in the interests of justice and in order to avoid delay, we will treat the order as a summary judgment in favor of Emert. (*Ibid.*)

### II

Prior to any legislative enactment in this area, the California Supreme Court held that incontestability clauses such as those set forth in Emert's life insurance policy and disability rider bar the insurer from rescinding or otherwise invalidating the policy after the contestable period has expired, even in the face of gross fraud in procuring the policy. (*Dibble* v. *Reliance Life Ins. Co.* (1915) 170 Cal. 199, 208-209 [149 P. 171].) This rule was codified with reference to group life insurance policies in 1935 (§ 10206) and individual policies in 1973 (§ 10113.5).

---

[2]Section 10113.5 provides, inter alia: "An individual life insurance policy delivered or issued for delivery in this state shall contain a provision that it is incontestable after it has been in force, during the lifetime of the insured, for a period of not more than two years after its date of issue, except for nonpayment of premiums . . . ."

The strict incontestability bar has been applied consistently by the courts both before and after legislative enactment. (See, e.g., *Metzinger* v. *Manhattan Life Ins. Co.* (1969) 71 Cal.2d 423, 428 [78 Cal.Rptr. 463, 455 P.2d 391] [insured lied on application that he was in good health, had never had cancer and had not seen a doctor in the preceding two years except for regular checkups]; *Coodley* v. *New York Life Ins. Co.* (1937) 9 Cal.2d 269, 272, 274 [70 P.2d 602] [incontestability clause bars insurer from making offer of proof the insured made fraudulent statements regarding her health and previous hospital history]; *Mutual Life Ins. Co.* v. *Margolis* (1936) 11 Cal.App.2d 382, 383 [53 P.2d 1017] [insured misrepresented he was in good health, had not suffered any illness and had not been treated by a physician]; *Meyer* v. *Johnson* (1935) 7 Cal.App.2d 604, 614-619 [46 P.2d 822] [incontestability clause barred insurer from contesting policy on the ground the insured's husband procured a life insurance policy on his wife and then murdered her].)

The incontestability bar acts as a "statute of repose" for the beneficiaries of polices, and establishes a limited period of time for insurers to investigate and discover possible fraud by their insureds. (*Dibble* v. *Reliance Life Ins. Co., supra,* 170 Cal. at pp. 202, 209; *Mutual Life Ins. Co.* v. *Margolis, supra,* 11 Cal.App.2d at pp. 384-385.) As a result of this rule, certain beneficiaries will receive benefits from policies that were procured by fraud. However, this has been the law in this state for more than 80 years.

■ United Fidelity asks us to create an exception to the incontestability bar in cases where the insured intentionally conceals his medical condition and the identity of his treating physician on the insurance application and also intentionally waits until the contestable period has expired before submitting a claim. We decline to do so.

An incontestability clause necessarily places a certain burden of diligence on the insurer to investigate and discover possible fraud by the insured. (*Dibble* v. *Reliance Life Ins. Co., supra,* 170 Cal. at p. 210.) United Fidelity contends Emert prevented a reasonable opportunity to investigate the representations he made in the application by not identifying Dr. Oppenheim, an HIV specialist, as one of his doctors. This argument does not present unusual circumstances, however. Presumably any insured who lies about his medical condition on the application is also likely to omit his treating physician or any person or entity with information regarding the true state of his health. In several cases an incontestability clause has been held to bar rescission of the policy even where the insured misrepresented he had not seen *any* doctor or had not seen a doctor except for regular checkups. (See, e.g., *Metzinger* v. *Manhattan Life Ins. Co., supra,* 71 Cal.2d at p. 425; *Mutual Life Ins. Co.* v. *Margolis, supra,* 11 Cal.App.2d at p. 382.)

Furthermore, there were several steps United Fidelity could have taken to investigate the truth and accuracy of Emert's application. It could have required Emert to provide a blood sample and submit to an HIV antibody test in accordance with section 799.03, and could have required a physical examination. Such measures do not impose an unreasonable burden upon insurers, and if implemented, presumably would have revealed potential fraud, misrepresentations, or omissions by Emert at the outset.

United Fidelity also contends an exception should be created allowing it to rescind the policy beyond the contestable period, or, the contestable period should have been "tolled," because Emert intentionally waited until after the contestable period had elapsed before submitting his disability claim. United Fidelity claims if Emert had died on July 31, 1991 (the date Emert became totally disabled with AIDS), it would have timely investigated and denied the life insurance benefit based on Emert's medical history. Thus, United Fidelity argues as a matter of equity it should have the same opportunity to investigate and deny a disability claim and rescind the life insurance policy when an insured becomes disabled during the contestable period and consciously delays submitting the claim.

United Fidelity has withdrawn any claim for recovery of the disability benefits it paid to Emert. Therefore, the timing of Emert's submission of his disability claim would appear to be irrelevant to the issue of whether Emert's beneficiary can recover benefits under the life insurance policy. In any event, the argument is unavailing. Emert's concealment of his disability until the contestable period expired is not materially different from the insured under a straight life insurance policy who lies on his application and continues to conceal his medical condition through the end of the contestable period and up until his death. As set forth above, California cases have consistently held that the insurer is precluded from contesting the policy in these circumstances.[3]

Furthermore, we note that the Legislature allows companies providing *disability* insurance to expressly protect themselves from fraud. Although insurers are required to include incontestability clauses in disability policies (§ 10350.2), the insurer is permitted to exclude fraudulent misstatements made in the application from the incontestability bar (§ 10350.2, form A), or if the policy is noncancelable, to exclude any period during which the

---

[3]United Fidelity cites *Ferguson* v. *Unionmutual Stock Life Ins. Co., etc.* (8th Cir. 1982) 673 F.2d 253. *Ferguson* is factually dissimilar, however. In *Ferguson*, rescission was allowed where the insured withdrew a claim he had filed during the contestable period and advised the insurer no claim would be filed, but then refiled the claim after the period had expired. (*Id.* at p. 255.)

insured is disabled from the contestable period (§ 10350.2, form B). In contrast, the incontestability clause required to be in life insurance policies does not provide for such exclusions or tolling periods. (§§ 10113.5, 10206.)[4] United Fidelity asks this court to create an exception for life insurance polices similar to that allowed by statute for disability polices. Such action is better left to the Legislature.

Accordingly, United Fidelity's complaint for declaratory relief was precluded by the incontestability clauses in the life insurance policy and disability rider, and the trial court properly granted Emert's motion for summary judgment.

DISPOSITION

The judgment is affirmed.

Benke, Acting P. J., and Huffman, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 15, 1997.

---

[4]It appears that under either section 10350.2, form A or form B, United Fidelity would have been able to contest Emert's disability claim if it had included such language in the disability rider, as is allowed under section 10113.5. However, United Fidelity did not avail itself of this protection. Rather, it opted for the type of incontestability clauses required in life insurance policies.