**PAUL REVERE LIFE INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Raoul G. FIMA, Defendant–Appellee.**

**No. 94–55986.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 1996.

Decided Jan. 22, 1997.

As Amended April 3, 1997.

Robert J. McKennon, Barger & Wolen, Los Angeles, California, for plaintiff-appellant.

Steven J. Kleifield, Gordon, Edelstein, Krepack, Grant, Felton & Goldstein, Los Angeles, California, for defendant-appellee.

Before BRUNETTI, TROTT, and THOMAS, Circuit Judges.

## OPINION

BRUNETTI, Circuit Judge:

The Paul Revere Life Insurance Company ("Revere") appeals from a declaratory judgment entered in favor of Raoul G. Fima ("Fima"). After a bench trial, the district court held that a 1988 disability insurance policy issued by Revere to Fima was not void ab initio for lack of an insurable interest. In a diversity action, Revere sought to invalidate the policy which contained an incontestability clause on the ground that Fima did not have an insurable interest. The district court had jurisdiction pursuant to 28 U.S.C § 1332(a)(1). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and affirm.

### I.

The disability insurance policy at issue was issued by Revere to Fima on January 8, 1988.[1] The policy contained an incontestability clause which stated:

> After your policy has been in force for two years, excluding any time that you are disabled, we cannot contest the statements in the application.

The incontestability clause was in effect at the time Revere brought this action.

In the application for disability insurance, Fima stated that his income for 1986 was

---

1. Another policy for disability insurance, issued in 1990, is the subject of a related appeal before this court. *Fima v. Paul Revere,* 103 F.3d 138 (9th Cir.1996).

$105,000, for 1987 was $85,000, and projected an income of $80,000 for 1988. At trial, the jury found that Fima's actual income for 1986 was $21,603, and that his actual income for 1987 was $6,320. On May 13, 1990, Fima submitted a Notice of Claim to Revere stating that he became disabled from his regular occupation on March 30, 1990. Revere then investigated Fima's Claim and determined that Fima's statements on the application concerning his income were overstated and bore no relation to his true income.

On April 10, 1991, Revere filed its Complaint against Fima in the district court seeking declaratory relief. Revere requested a declaration that Fima's 1988 policy was void ab initio because Fima lacked an insurable interest. On May 24, 1994, the district court filed an Order and Judgment against Revere on Revere's declaratory relief claim. Relying on the California Insurance Code, the district court concluded that Fima had an unlimited insurable interest in his life and health.

## II.

We review the district court's interpretation of questions of law *de novo*. *United States v. McConney*, 728 F.2d 1195, 1200–02 (9th Cir.) (*en banc*), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ California public policy gives effect to incontestability clauses, which all disability insurance policies are required by law to contain. Cal.Ins.Code § 10350.2 (West 1993 & Supp.1996); *Dibble v. Reliance Life Ins. Co.*, 170 Cal. 199, 149 P. 171, 172 (1915). Where the incontestability period has run, incontestability clauses prevent lawsuits to rescind disability insurance policies based upon claims of fraud or misrepresentation in the procurement of the policy. *See, e.g., Mutual Life Ins. Co. of New York v. Markowitz*, 78 F.2d 396, 398 (9th Cir.), *cert. denied*, 296 U.S. 625, 56 S.Ct. 148, 80 L.Ed. 444 (1935); *Blair v. New York Life Ins. Co.*, 40 Cal.App.2d 494, 104 P.2d 1075, 1079 (1940). According to the California Supreme Court, "[w]hen an insurance policy by its provisions is made incontestable after a specified period, the intent of the parties is to fix a limited time within which the insurer must

discover and assert any grounds it might have to justify a rescission of the contract." *New York Life Ins. Co. v. Hollender*, 38 Cal.2d 73, 237 P.2d 510, 512 (1951).

■■ However, California law provides that a policy which is void ab initio may be contested at any time, even after the incontestability period has expired. *Crump v. Northwestern Nat'l Life Ins. Co.*, 236 Cal. App.2d 149, 45 Cal.Rptr. 814, 819 (1965). An insurance policy is void ab initio where the insured lacks an insurable interest. Cal.Ins. Code § 280 (West 1993). Thus, where, as in the present case, an incontestability clause is in effect, an insurance policy may be challenged only on the ground that it is void ab initio for lack of an insurable interest.

■ Fima had an insurable interest under California Insurance Code section 10110 as a matter of law. Cal.Ins.Code § 10110 (West 1993). Section 10110, enacted in 1935, states that "[e]very person has an insurable interest in the life and health of ... [h]imself." Cal. Ins.Code § 10110(a) (West 1993). Because Fima had an insurable interest under section 10110, his disability insurance policy was not void ab initio.

■ Revere argues that the district court erred in applying California Insurance Code section 10110.1 to determine whether Fima had an insurable interest in the 1988 policy. Section 10110.1(b), enacted in 1990, states that: "An individual has a unlimited insurable interest in his or her own life, health, and bodily safety...." Cal.Ins.Code § 10110.1(b) (West 1993 & Supp.1996). Revere argues that section 10110.1 does not apply to Fima's 1988 policy because it was enacted in 1990 and is not expressly retroactive. If the district court erred in applying section 10110.1, that error was harmless; Fima had an insurable interest under section 10110.

■ Revere argues that the measure of Fima's insurable interest should be governed by those sections of the California Insurance Code that govern insurance in property. This argument requires the court to reject the clear statutory language providing that the extent of an insured's insurable interest

in a life and disability insurance policy is determined by the terms of the insurance contract itself. *See* Cal.Ins.Code §§ 10110, 10110.1 & 10111 (West 1993 & Supp.1996).[2] Fima had an insurable interest to the extent provided by the 1988 policy. Because that policy is not void ab initio and because the period for contesting the policy has passed under the incontestability clause, Revere may not now challenge the terms of the policy or the extent of Fima's insurable interest.

Finally, Revere argues that Fima's policy is void because it is a gaming or wagering contract. In order for this argument to succeed, Fima must lack an insurable interest in his life and health. Because Fima has an insurable interest as a matter of law under section 10110, the policy was not void.

The district court's judgment is AFFIRMED.

AFFIRMED.

**2.** California Insurance Code section 10111 provides that:

In life or disability insurance, the only measure of liability and damage is the sum or sums payable in the manner and at the times as provided in the policy to the person entitled thereto. Cal.Ins.Code § 10111 (West 1993).