NOT FOR PUBLICATION



# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| KEITH WARKENTIN, | ) | No. 15-16182 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. 1:10-cv-00221-SAB |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| FEDERATED LIFE INSURANCE COMPANY, a Minnesota corporation registered to do business in California, | ) ) ) ) | |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Submitted April 17, 2017**
San Francisco, California

Before: FERNANDEZ and MURGUIA, Circuit Judges, and CURIEL,*** District Judge.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

***The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

Keith Warkentin appeals the district court's grant of summary judgment in favor of Federated Life Insurance Company, on the counterclaims for rescission and declaratory judgment that Federated pled against Warkentin after he filed an action against Federated when it refused to make further payments under a disability income policy that it had issued to him. We affirm.

Federated sought rescission and declaratory relief on the basis that Warkentin had made a fraudulent misrepresentation when he applied for a disability income policy. At the threshold, Warkentin asserts that Federated waived its right to rescind because it did not assert the right in a timely fashion.[1] We disagree. Assuming that Warkentin's assertion was itself properly raised at the district court, a dubious proposition,[2] the record fully supported the district court's

---

[1]Our consideration of this and the other issues we address is, as the parties agreed, essentially based upon the record and the motion papers filed before the district court at the time set for hearing the summary judgment motion in March 2012, including Warkentin's late-filed opposition to the summary judgment motion. The district court did, however, also consider Federated's reply in support of the motion and some additional briefing on the law. Incidentally, the district court did not abuse its discretion when it determined that Warkentin's opposition had been untimely filed and that the untimeliness was not due to excusable neglect. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258, 1261 (9th Cir. 2010). In any event, the district court did consider the opposition.

[2]He did not raise it in his responsive pleading. *See* Fed. R. Civ. P. 8(c)(1); *see also Wood v. Milyard*, 566 U.S. 463, __, 132 S. Ct. 1826, 1832, 182 L. Ed. 2d 733 (2012).

determination that Federated had insufficient knowledge to seek rescission before the action was filed, and similarly supported the determination that Warkentin's misrepresentations had, themselves, successfully deprived Federated of that knowledge.[3]

On the merits, our review of the record as a whole[4] satisfies us that Warkentin did make material false representations regarding his health and did so "willfully . . . with knowledge of [their] falsity."[5] Federated did have the right to rescind in case of fraud, and properly exercised that right here. *See United Fid. Life Ins. Co. v. Emert*, 49 Cal. App. 4th 941, 946, 57 Cal. Rptr. 2d 14, 18 (1996); *see also* Cal. Ins. Code § 359. The district court did not err in deciding that there

---

[3]*See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

[4]*See Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1185 (9th Cir. 2016).

[5]*See Cummings v. Fire Ins. Exch.*, 202 Cal. App. 3d 1407, 1418, 249 Cal. Rptr. 568, 574 (1988); *see also Telford v. N.Y. Life Ins. Co.*, 9 Cal. 2d 103, 106–07, 69 P.2d 835, 837–38 (1937) (per curiam); *Lunardi v. Great-W. Life Assurance Co.*, 37 Cal. App. 4th 807, 820, 44 Cal. Rptr. 2d 56, 62 (1995). Among other things, while Warkentin indicated that he had not seen a chiropractor during the previous five years, he had, in fact, seen one on forty occasions for lower back problems.

was no material dispute of fact on that issue.[6]

       AFFIRMED.

---

[6]Warkentin asserts that even if the policy was properly rescinded, his other causes of action survive.  However, he overlooks the fact that rescission means that the policy was void ab initio.  *See Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal. App. 3d 169, 184, 243 Cal. Rptr. 639, 646–47 (1988).  Therefore, essentially "all rights of the insured . . . [were] extinguished."  *Id.* at 184, 243 Cal. Rptr. at 647.  Because all of his claims hinged on the existence of a policy, they were extinguished along with it.