## SHALLOWAY v. METROPOLITAN LIFE INS. CO.

### Civ. A. No. 2511.

District Court, N. D. Georgia,
Atlanta Division.

Aug. 15, 1944.

J. Herbert Johnson and Clarence H. Calhoun, both of Atlanta, Ga., for plaintiff.

Smith, Smith & Bloodworth, of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

The above motion for new trial came on regularly to be heard and was heard and taken under advisement by the Court.

The principal ground of the motion is based upon the Court's action in holding that no defense was established and in directing a verdict for the plaintiff.

The suit is upon a policy of insurance which provided that upon the death of the insured the defendant would pay the beneficiary $5,000, the face amount of the policy, or the sum of $7,500 in the event the insured died before attaining the age of sixty years.

Plaintiff contended that the insured died before reaching the age of sixty and relied upon the date of the insured's birth as stated in the application for insurance to establish the fact.

The defendant, on the other hand, contended that the insured was over the age of sixty when he died, as shown by alleged statements of the insured in a petition for naturalization.

Assuming that the naturalization proceedings placed in evidence by defendant were those of the insured, although this was not conclusively established since there were differences in the name and it was differently spelled, and that the date of his birth was therein correctly stated, there still is present the question as to whether or not the defendant could, under the provisions of the policy, contest the date of insured's birth as stated in his application for insurance, the contractual limitation of two years for contesting the policy and application having elapsed.

The contractual limitation as set out in the policy is as follows:

"This Policy (and the application therefor) constitutes the entire contract between the parties and, except for non-payment of premiums, shall be incontestable after two years from date of its issue.

"All statements made by the Insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall avoid this policy or be used in defense of a claim hereunder, unless it is contained in the written application therefor and a copy of such application is securely attached to this Policy when issued."

It will be observed that in this clause it is expressly provided that not only the policy, but the application therefor shall be incontestable after two years from date of its issue. The two years from date of issue have expired and therefore the incontestability clause became effective not only with respect to the insured, but also with respect to plaintiff, the beneficiary, as was held in the case of Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102.

The question arises, therefore, as to whether or not this clause is applicable to another clause in the policy which provides, "If the age of the Insured has been misstated, any amount payable hereunder shall be such as the premium paid would have purchased at the correct age." The ap-

plication is lengthy and contains a great number of representations relating to the insured's age, his physical condition, both present and past, family history, et cetera.

Since the incontestability clause expressly provides, without limitation, that it applies to the application, the question arises as to whether or not it applies to all the representations therein, or to less than all, and if less, to what particular ones. There is no way of determining what representations are referred to if it is held that they are less than all. A reasonable construction is that it applies to all. Otherwise there might always be a contest as to whether a particular representation was excepted and thus render the clause meaningless. The Supreme Court of the United States, in the case of Stroehmann v. Mutual Life Ins. Co., 300 U.S. 435, 57 S.Ct. 607, 609, 81 L.Ed. 732, held that, where the "examination of the words relied upon to show an exception to the incontestability clause of the policy discloses ample cause for doubt concerning their meaning," then such ambiguity would be resolved in favor of the construction of the policy most favorable to the insured, and held in that case that the clause applied to the double indemnity provisions of the policy since "without difficulty respondent (Insurance Company) could have expressed in plain words the exception for which it now contends"; and further held that the insurance company was precluded by such incontestability clause from showing even false and fraudulent misstatements in the procurement of such double indemnity insurance.

Similarly, the Supreme Court of Georgia, in the case of Massachusetts Ben. Life Ins. Ass'n v. Robinson, 104 Ga. 256, 30 S.E. 918, 923, 42 L.R.A. 261, held that the incontestability clause of the policy, which provided that, "This policy is incontestable after three years from its date, provided three full yearly payments have been paid upon it, except that error in the age of the insured is open to adjustment," was valid, and further held that after the lapse of the time specified, the insurer was precluded from setting up any defense based upon representations or warranties made by the insured in his application, whether fraudulent or otherwise, which is in line with the decision of the United States Supreme Court in the Stroehmann case. In its opinion the Georgia Court held that, "The contract entered into between the insurer and

the insured in the 'incontestable clause' is, in effect, that the insurer says, on his part, 'Pay me your premiums according to the terms of the contract, and I will pay at your death, to the beneficiaries named in the policy, the amount thereof, without regard to the statements which you made in your application,—whether they be true, or whether they be false'," unless excepted by said clause. It will be observed that the incontestability clause in the Robinson case expressly excepted error in the age of the insured, which is not the case in the case at bar. "While it is true," continuing in the words of the Georgia Supreme Court, "that fraud voids all contracts, it is equally true that it is competent for the lawmaking power to fix a definite time in which an action shall be brought to declare a fraudulent contract void, and a failure on the part of the person defrauded to bring such action within the time designated would have the effect of debarring him from the right to set aside such a contract." Continuing, "As the law may prescribe such a limitation in which actions shall be brought by the party to be affected, it is also within the power of the contracting parties to agree among themselves upon a period of time which would amount to a statute of limitations, either greater or less than the period fixed by the law."

It would seem that if false and fraudulent misrepresentations made in an application for insurance could not be shown as a defense under the incontestability clause, certainly mere misstatements of one's age, not shown to be fraudulent, would not be a good defense. While it does not appear that the exact question with respect to representations of age has been decided by the Georgia Courts, the principle seems to be established by the Georgia decisions, which are controlling over this Court. Massachusetts Ben. Life Ass'n v. Robinson, 104 Ga. 256, 30 S.E. 918, 42 L.R.A. 261; Equitable Life Assur. Society v. Gillam, 195 Ga. 797, 25 S.E.2d 686; Mutual Life Ins. Co. v. Childs, 64 Ga.App. 658, 14 S.E.2d 165; Penn Mut. Life Ins. Co. v. Childs, 65 Ga.App. 468, 16 S.E.2d 103.

In the Gillam case, the Georgia Supreme Court carefully examined the authorities on the question and upheld the action of the trial court in sustaining the demurrer of the insured and in striking the plea of the insurance company of fraud in the procurement of the policies to defeat recovery of benefits arising under disability provisions.

In that case, the insurance company contended that the incontestability clause expressly excepted the provisions of the policy which related to disability benefits, but the Court held to the contrary.

A distinction must be made between the case at bar and the cases which are based upon a statutory limitation and not a contractual one, and cases where the incontestability clause itself excepts the defense of misstatement of age, as in the case, strongly relied on by defendant, of Grenis v. Prudential Ins. Co., 154 Misc. 867, 278 N.Y.S. 137 (Supreme Court, New York County, March 7, 1935), in which case the incontestability clause was in the following language: "This policy shall be incontestable after one year from its date, except for non-payment of premium, but if the age of the insured be misstated, the amount or amounts payable under this policy shall be such as the premium would have purchased at the correct age."

In those cases where a statutory limitation was relied upon, it will be found that there was no such exception in the statute or the policy.

I have found no case, among the great number cited, where a defense of misstatement of age was allowed where the incontestability clause itself recited that it applied to the application for the policy as well as to the provisions of the policy.

The weight of authority, and I think of reason, is to the effect that, "an incontestable clause, which gives a reasonable time for the insurance company to make investigation, is valid, and that it means what it says, and that is that, after the time named in the clause has expired, no defense can be set up against the collection of the policy, unless it comes within the excepted classes named in the clause itself." American Trust Co. v. Life Ins. Co., 173 N.C. 558, 92 S.E. 706, 709.

In the first place, the insurer can protect itself from such result if it so desires by merely inserting, as required under the ruling of the United States Supreme Court in the Stroehmann case, in plain words in the incontestability clause itself any exceptions it wishes; and in the second place, the ruling announced would protect the insured and his beneficiaries from the necessity and hazard of having to prove a fact which might be easily established at the time but difficult or impossible after the lapse of a considerable period, especially where the insured has been lulled into a sense of security by the provision in his policy that it will be incontestable after the expiration of a reasonable period.

Upon consideration, the motion for new trial is denied.