METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, *v.* SOLOMON TRILLING and INDEPENDENT SOLOMON BENEVOLENT ASSOCIATION, Defendants.

First Department, December 3, 1920.

Insurance — life insurance — action by insurance company to reform policy so as to state true age of insured and correct amount of insurance — mutual mistake as to age — application not attached to or made part of policy — age appearing on face of policy — Insurance Law, section 58, construed and applied.

A life insurance company is entitled to have a policy reformed to show the true age of the insured and the amount of insurance which the premium actually charged would buy at the true age and also the guaranteed loan values and surrender options corrected, where it appears that, by mutual mistake, the age of the insured was stated in the policy at less than his true age and that on discovery of the mistake the company requested the insured and the beneficiary to reform the policy so as to state the true agreement of the parties, though the application for the policy was not attached thereto nor made a part thereof.

The requirements of section 58 of the Insurance Law that in " Every policy of insurance   *   *   *   nothing shall be incorporated therein by reference to any   *   *   *   application or other writings unless the same are endorsed upon or attached to the policy when issued," was complied with, since the representation as to the age of the insured, as set forth in the application, properly appeared upon the face of the policy, and advised the beneficiary and the insured alike of the nature of the representations and the age at which he was being insured, as well as the premium based on that age.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Paul Grout* of counsel [*Gardiner Conroy* with him on the brief], *Edward M.* and *Paul Grout,* attorneys, for the plaintiff.

*Samuel I. Frankenstein,* for the defendants.

DOWLING, J.:

From the agreed statement of facts it appears that on September 19, 1912, the plaintiff issued a policy of life insurance on the life of the defendant Solomon Trilling for the sum of $500, payable to the defendant the Independent Solomon

Benovolent Association upon the death of the defendant Trilling. This policy provides for the monthly payment of the premium of $2.58, and recites that it is issued in consideration of the payment of such premiums and of the application. for the policy, and that a copy of the application is attached to and made a part of the policy.

As a matter of fact no application was attached to or made a part of the policy, although two applications were made for the issuance of said policy, in each of which the insured is said to be fifty-six years of age at the time such application was made. The first of these is a general application by the defendant the Independent Solomon Benevolent Association for policies upon the lives of several of its members, including Solomon Trilling, bearing date September 19, 1912, the same as the policy. The second is an individual application made by the defendant Trilling for the particular policy issued upon his life and bears date October 10, 1910.

The policy contains on its face the following:

" Ordinary Life

" Intermediate Class

" Age 56.   Amount $500

" 1-12 Annual.   Premium $2.58."

And further provides that

" If the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age."

It is agreed that when the policy was issued and the applications delivered to the plaintiff, the age of the defendant Solomon Trilling was not fifty-six years, but he was in fact fifty-eight years old; that the amount of premium to be paid and the amount of insurance to be paid by the plaintiff under the terms of said policy were to be fixed and determined by the plaintiff upon the true age of the defendant Solomon Trilling; that if the plaintiff had known the true age of the defendant Solomon Trilling when the amount of the premium was fixed and the policy issued by it, the premium would have been fixed at the sum of $2.84 monthly instead of $2.58 monthly, or the amount to be paid under said policy upon the death of said Solomon Trilling would have been fixed at $455.17 instead of $500.

It is agreed that the amount of the premium to be paid for said insurance and the amount to be paid by the plaintiff under said policy as expressed in said policy resulted from the mutual mistake of the parties hereto.

The plaintiff had no knowledge of the true age of the defendant Solomon Trilling until recently, and then duly requested the defendants to reform the said policy so as to express the said agreement of the parties, which request the defendants refused.

The true age of the defendant Solomon Trilling being fifty-eight years, the said defendants are now and have been since the issuance of said policy receiving insurance for the the sum of $500 at a lower premium than that paid by any other person of the age of fifty-eight years.

Plaintiff has no adequate remedy at law.

The plaintiff asks judgment that

1. The true age of the defendant Solomon Trilling be inserted in the policy.

2. The amount payable by the plaintiff thereunder upon the death of the said Solomon Trilling be changed from $500 to $455.17.

3. The table of guaranteed loan values and surrender options shall state the amounts applicable to a policy issued to a person fifty-eight years of age.

Under the ordinary rules of equity, there could be no doubt that the facts agreed on would afford a ground for reformation of the policy, as they would for the reformation of any writing which, by reason of a mutual mistake, did not set forth the actual agreement of the parties thereto. But the defendant claims that the public policy of this State as expressed by legislative mandate forbids a life insurance company from maintaining any action or interposing any defense to a policy of life insurance issued by it based upon misstatements in the application therefor, unless such application is indorsed upon or attached to the policy when issued.

This contention is based on section 58 of the Insurance Law, reading as follows: " Every policy of insurance issued or delivered within the State on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the State shall contain the entire contract

between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are indorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. Any waiver of the provisions of this section shall be void." As neither of the applications for the policy in question was attached to or indorsed upon the policy, defendant claims that nothing contained in them can be used as a basis for any reformation of the policy.

In *Archer* v. *Equitable Life Assurance Society* (218 N. Y. 18) the Court of Appeals construed this section of the Insurance Law. It reviewed the purpose and intent of the Legislature, and declared the following conditions to have existed at the time of the adoption of the statute (Laws of 1906, chap. 326, § 16, adding to former Insurance Law [Gen. Laws, chap. 38; Laws of 1892, chap. 690], § 58) and which it was plainly intended to remove: (1) The contract might, by a stipulation or reference within it, make a part of itself instruments, stipulations, statements and agreements by the insured which the policy did not contain; (2) the statements of the insured which were made a part of the contract by reference, indorsement or otherwise, or declared or agreed by the insured to be true were warranties; (3) the warranties and representations made by the assured were frequently retained continuously and exclusively by the insurer, the insured persons neither having nor receiving copies, as the result of which they had no opportunity to examine and correct errors arising through mistakes, carelessness, ignorance or fraud, or to terminate the policy, as the result of which they or their beneficiaries first became conscious of the errors, after payment of the premiums through a period of years, when they were alleged by the insurers, in avoidance of the obligation to pay the sums insured. The court concluded that the Legislature intended to remove all these conditions by the section in question. In interpreting it to mean that " all the statements made by the insured as purported or shown by the face of the policy, shall in the absence of fraud be deemed representations and not warranties," the court said (at p. 25): " The conditions

which induced the Legislature to require that all the stipulations and terms of the contract should appear within the policy would naturally have induced it to require that the conditions which are the basis of the contract and upon which its validity depends should, likewise, appear upon the face of the policy. The evils and pitfalls before the insured through his ignorance and the inaccessibility of terms of contract are, in part at least, those which are before him through his ignorance and the inaccessibility of the representations made by him." That was an action brought by the beneficiary of the deceased insured, and the insurer sought to defend upon the ground that the insured had intentionally deceived it by false representations as to facts which would enter into its estimate of the risk assumed by effecting the insurance. These representations were not contained in the policy either directly or by reference, and the defense was held insufficient.

But in the case at bar the policy contained upon its face the representation made in the application and upon which plaintiff relied in issuing the policy. As has been said, the original application for the policy was made by the defendant association on September 19, 1912. It is a short document and recites that the association applied to plaintiff for insurance upon each of its members alive and in good standing " as set forth on the list attached hereto, which gives the name and date of birth, as recorded in the register of said Society on the date thereof;" the policy to take effect on the payment of the initial premium, and the society to be the beneficiary in each policy. Printed on the same sheet, below the signatures of the officers of the association, was the schedule of monthly premiums for $500 of insurance at the various ages. In the list attached appeared the following, among others: " Solomon Trilling, (Date of birth) June 14 (age) 56 (Premium payable) $2.58; (Annual Premium) $29.24." The important representation was as to Trilling's age, upon which basis the premium payable was determined. Upon this the policy was issued, and that contains plainly stamped and written upon its face the language hereinbefore quoted, including " Age 56." When defendant Trilling filed his further application it consisted only of a statement as to the place and date of his birth and that his age at his nearest birthday was fifty-six, together with

a certificate by the secretary that he was a member in good standing of the defendant association.

Upon these facts I am of the opinion that the requirements of section 58 of the Insurance Law have been complied with; that the representation as to the age of Trilling as set forth in both applications properly appears upon the face of the policy and thus answers all the requirements of law, and advised the beneficiary and the insured alike of the nature of the· representations and the age at which he was being insured, as well as of the premium based upon that age. As that age was concededly incorrect, the mutual mistake of the parties resulted in the issuance of a policy of insurance, whereby Trilling was insured at a less premium than was charged others of his actual age for similar insurance, thus effecting a discrimination in his favor in violation of section 89 of the Insurance Law (as amd. by Laws of 1911, chap. 249). The mistake being mutual, the representation as to which it arose appearing on the face of the policy itself, and the contract of insurance providing the method of the fair and honest adjustment of the rights of the parties, plaintiff is entitled to the reformation of the policy.

Judgment is, therefore,·directed for plaintiff as demanded in the submission, without costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Judgment directed for plaintiff as demanded in submission, without costs. Settle order on notice.