## SANDERS v. JEFFERSON STANDARD LIFE INS. CO.

(Circuit Court of Appeals, Fifth Circuit. December 26, 1925.)

No. 4570.

**1. Insurance ⬅⟹400—Denial of liability under double indemnity clause, because of exception thereto, held not contest of policy, within meaning of contestability clause.**

Under provision for double indemnity for accidental death, excepting injury inflicted by another, expiration of policy period of contestability did not prevent insurer from denying liability for double indemnity, on ground insured was intentionally shot by another.

**2. Insurance ⬅⟹400—Incontestability clause does not prevent questioning extent of coverage.**

Incontestability clause does not prevent insured from disputing that insured's claim is covered by the policy.

Appeal from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Suit by R. M. Sanders, administrator of the estate of William Thomas Sanders, deceased, against the Jefferson Standard Life Insurance Company. From a decree of the District Court for defendant (4 F. [2d] 555), plaintiff appeals. Affirmed.

J. Morgan Stevens and W. Calvin Wells, both of Jackson, Miss., and Edw. Rightor, of New Orleans, La., for appellant.

Wm. H. Watkins, of Jackson, Miss. (Watkins, Watkins & Eager, of Jackson, Miss., and Brooks, Parker & Smith, of Greensboro, N. C., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was a suit on a life insurance policy dated December 15, 1919, whereby the appellee, for the consideration stated, agreed to pay $20,000 to the insured on the 15th day of December, 1929, or, in the event of the insured's prior death, to his executors, administrators, or assigns. The policy contained the following provisions:

"Double Indemnity.—The company will pay double the face amount of this policy if the death of the insured results from bodily injury, except these provisions do not apply if the insured shall engage in military or naval service or any allied branch thereof in time of war, or in case death results from bodily injury inflicted by another person or by the insured himself, or in case of self-de-struction at any time, whether during the first policy year or afterwards, or from engaging in aeronautics or submarine operations either as a passenger or otherwise."

At the bottom of the first page of the policy, and below the appellee's signature, was the following:

"Guaranteed Settlements.—Subject to the conditions and limitations set forth in th's policy, and in the event of liability under its provisions, settlement will be made as follows:

For death, ordinary causes........... $20,000.00
For death, accidental causes...... $40,000.00"

In December, 1923, while the policy was in force, and when there had been no default in the payment of premiums, the insured died as the result of a gunshot wound inflicted intentionally by another person, without any fault on the part of or warning to the insured. After the appellee had paid $20,000, admitted by it to be due under the terms of the policy, this suit was brought to enforce the claim that an additional $20,000 was due under the above set out provisions of the policy. That claim was disallowed by the decree appealed from. Sanders v. Jefferson Standard Life Ins. Co. (D. C.) 4 F. (2d) 555.

[1, 2] In behalf of the appellant it was contended that in the situation disclosed the provision that the policy "shall be incontestable for any cause except for nonpayment of premiums" deprived the insurer of the right to dispute its liability under the "double indemnity" provision, though by the express terms of that provision it was not to apply "in case death results from bodily injury inflicted by another person." We are of opinion that a result of sustaining this contention would be to subject the insurer to a liability not imposed by its policy. By the policy the insurer promised to pay specified sums of money in specified contingencies. We think that full effect is given to the above-quoted provisions by holding that, after the policy had been in force for one full year, and in the absence of any default in the payment of premiums, the insurer became incontestably liable to pay $20,000, if the insured died from what was called "ordinary causes," and became liable to pay also an additional $20,000 if the death of the insured resulted from a bodily injury not within any exception stated in the double indemnity provision.

In the one case as well as the other, the liability of the insurer was conditioned upon the happening of the contingency which, by the terms of the policy, was to give rise to

that liability. Where the beneficiary sues on a life insurance policy, which by its terms was incontestable when the death of the insured is alleged to have occurred, it is open to the insurer to dispute its liability on the ground that the death of the insured had not occurred. Northwestern Life Ins. Co. v. Johnson, 254 U. S. 96, 101, 102, 41 S. Ct. 47, 65 L. Ed. 155. A provision for incontestability does not have the effect of converting a promise to pay on the happening of a stated contingency into a promise to pay whether such contingency does or does not happen. It cannot properly be said that a party to an instrument contests it by raising the question whether under its terms a liability asserted by another party has or has not accrued. The maker of a promissory note payable one year after date would not contest it by resisting an attempt to enforce it before it was due. We are of opinion that within the meaning of the provision for incontestability, the insurer did not contest the policy by invoking the terms of the double indemnity provision, and that it was open to the insurer to deny the liability asserted on the ground that the contingency in which double indemnity was payable did not occur.

The decree is affirmed.