SIMON GRENIS and Another, Plaintiffs, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

Supreme Court, New York County, March 7, 1935.

*Howard A. Newman,* for the plaintiffs.

*Solon Weit,* for the defendant.

COLLINS, J. A life insurance policy, incorporating permanent disability provisions, contains the following incontestability clause:

"*Incontestability.* This policy shall be incontestable after one year from its date, except for non-payment of premium, but if the age of the insured be misstated, the amount or amounts payable under this policy shall be such as the premium would have purchased at the correct age."

Several years later, in this action by the plaintiff insured, to garner the benefits of the permanent disability provisions of the policy, the defendant insurer puts forth the defense that at the time of the issuance of the policy the insured was not fifty-three years old as represented, but sixty-one. It asserts, *first,* that at sixty-one the insured was not entitled to permanent disability benefits, and *second,* as a counterclaim, that it is entitled to have the policy reformed so as to express the true age. The counterclaim demands such reformation. The plaintiff retorts that the first defense is sham and frivolous and moves that it be stricken out and he maintains that the counterclaim is legally insufficient.

Assuming, as we must, that the insured's real age at the time the policy was issued was sixty-one and not fifty-three, the question thus presented is whether the issue of true age may now be raised in the manner here advanced and whether the policy may be reformed to express the real age.

The plaintiff insists that the one-year incontestability clause precludes the assertion of the defenses and forecloses granting the counter relief, whilst the defendant maintains that all it seeks is an agreement expressive of the truth, and that reformation at this time is not repugnant to but consistent with the disputed clause.

It seems to me that the consequences of the discovery of the true age of the insured are operative without relation to time. No matter when the discovery is made, the benefits would be adjusted accordingly. If, after death, it developed that the insured was sixty-one instead of fifty-three, then the amount payable would be $3,524 instead of $5,570. I do not perceive that the expiration of the year forecloses a correction of the age to square with the fact. It does not destroy but harmonizes with the intent and spirit of the incontestability provision that the adjustment of the benefits be regulated according to age, whenever the age is revealed, even though the revelation be subsequent to the first year of the policy's existence. Accordingly, the motion must be, and it is, denied.