[L. A. No. 21561.   In Bank.   Nov. 21, 1951.]

NEW YORK LIFE INSURANCE COMPANY, Appellant, v.
LEO HOLLENDER, Respondent.

74

Meserve, Mumper & Hughes and C. Avery Crary for Appellant.

Newlin, Holley, Sandmeyer & Tackabury, Keesling & Keesling, Henry H. Childress, George W. Tackabury and Hudson B. Cox, as Amici Curiae on behalf of Appellant.

Leo M. Zinner, Walley & Davis and Milton Davis for Respondent.

SPENCE, J.—Plaintiff brought this action to reform an insurance policy issued on the life of defendant Leo Hollender. Specifically, it sought a reduction in the face amount of the policy so as to conform with the alleged true age of the insured. Defendant cross-complained for the amount of total and permanent disability payments allegedly due under the policy, and for the refund of premiums allegedly paid to prevent forfeiture of the policy. The trial court, sitting without a jury, granted a motion for nonsuit on the complaint and made findings in favor of the insured on the issues embraced in the cross-complaint and the answer thereto. Judgment in favor of defendant was entered accordingly and from such judgment, plaintiff has appealed.

This case presents for determination the question of whether the incontestable clause of the policy bars the right of plaintiff to adjust the amount payable under the insurance contract in accordance with the provisions of the age adjustment clause thereof. The trial court adopted the theory of defendant insured in holding that the reformation sought by plaintiff constituted a contest of the policy after the time limitation therefor had expired, and that plaintiff therefore was precluded from inquiry into the correctness of defendant's statement of age. In challenge of such view, plaintiff maintains that it is not contesting the provisions of the policy but is only seeking to confine its liability within the express terms thereof—to enforce the insurance contract in accordance with its coverage and the risk assumed—and that therefore the incontestable clause does not apply in bar of its claim for reformation. An analysis of the policy sustains the propriety of plaintiff's argument, and we therefore conclude that the judgment must be reversed.

On April 16, 1931, plaintiff issued a life insurance policy, with provision for certain disability benefits, to defendant Leo Hollender. In his application for such policy made on

April 10, 1931, defendant stated that he was born in Russia on April 27, 1886, and that his age as of his nearest birthday was 45 years. The policy was in the face amount of $5,000, and the disability payments were fixed at $50 per month, with the proviso that defendant's total and permanent disability must have begun before the anniversary of the policy on which his age at nearest birthday was 60 and prior to the maturity of the contract, and in which event plaintiff would then waive the payment of future premiums. The policy contained these further pertinent provisions:

"Age. If the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age.

"The Contract. The Policy and the application therefor, copy of which is attached hereto, constitute the entire contract.

"Incontestability. This Policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to the provisions and conditions relating to Disability and Double Indemnity Benefits."

By stipulation of the parties, it is conceded that defendant became totally and permanently disabled on June 15, 1945, within the meaning of the policy, and that on December 16, 1945, defendant filed with plaintiff his proof and claim for disability benefits, with demand for the scheduled $50 monthly payments and the specified waiver of premiums. Upon investigation of defendant's claim and the conclusion that his total and permanent disability did not occur within the prescribed age period, plaintiff refused defendant's demand. The policy was not then in default and defendant continued to make premium payments so as to avoid cancellation.

Plaintiff thereafter commenced this action for reformation of the policy. It alleged that defendant was in fact born on April 27, 1884, and it asked that the policy be reformed to reflect that age qualification: by changing the face value of the policy from $5,000 to $4,632 (the amount of insurance which the premiums paid would have purchased at the corrected age, that is, 47 instead of 45 years at the time of defendant's original application for the insurance). In answer to plaintiff's complaint, defendant denied the alleged misstatement of age and claimed that he "did not become sixty years of age until April, 1946," which would accord with the representation made at the time he applied for insurance with plaintiff. Defendant then cross-complained for the payment of disability payments, the refund of the premium allegedly

paid to prevent cancellation of the policy, and the waiver of the obligation to pay future premiums. At the trial plaintiff attempted to introduce certain documentary evidence wherein defendant had stated his birthdate as April, 1884. Such documentary evidence included his declaration of intention to become a citizen of the United States made in 1910, his petition for naturalization in 1914, and his World War I draft registration in 1918. Defendant's objection to this evidence—offered by plaintiff in support of its claim for reformation of the policy and its contention that defendant's total and permanent disability occurred subsequently to the anniversary of the policy nearest his sixtieth birthday—was sustained on the ground that the incontestable clause of the policy barred plaintiff from disputing defendant's statement of age as made in his insurance application. In line with such ruling, the trial court found that "at the time of commencement of . . . disability, defendant's . . . age at nearest birthday was fifty-nine years," and that he was entitled to recovery on his cross-complaint. Defendant's age was properly an issue for determination by the court as a matter of fact, and plaintiff's proffered evidence thereon was improperly excluded.

■ It is generally held that the incontestable clause, after the lapse of time it specifies, prevents nullification of the insurance contract for any cause not excepted in the clause. (29 Am.Jur. p. 674, § 881; 45 C.J.S. p. 758, § 747a; 1 Appleman, Insurance Law and Practice, ch. 17, p. 383, § 331; *Metropolitan Life Ins. Co.* v. *Shalloway* (C.C.A. 5th), 151 F.2d 548, 550; *Dibble* v. *Reliance Life Ins. Co.*, 170 Cal. 199, 208 [149 P. 171, Ann.Cas. 1917E 34] ; *Coodley* v. *New York Life Ins. Co.*, 9 Cal.2d 269, 272 [70 P.2d 602].) However, here plaintiff's effort is not to nullify the insurance contract, but recognizing its validity, to have it enforced according to its terms. ■ Every resistance by the insurer against a claim of the insured or the beneficiary is in one sense a contest, but it is not a contest of the policy within the meaning of the "incontestable clause," that is, a contest against the terms of the policy for the purpose of destroying its validity as distinguished from a contest for or in favor of the terms of the policy for the purpose of securing its enforcement. (*Moore* v. *Bankers' Credit Life Ins. Co.*, 223 Ala. 373 [136 So. 798, 799] ; *Langan* v. *United States Life Ins. Co.*, 344 Mo. 989 [130 S.W.2d 479, 481, 123 A.L.R. 1409] ; *Hall* v. *Missouri Ins. Co.* (Mo.

App.), 208 S.W.2d 830, 833; *Stean* v. *Occidental Life Ins. Co.*, 24 N.M. 346 [171 P. 786, 787].)

When an insurance policy by its provisions is made incontestable after a specified period, the intent of the parties is to fix a limited time within which the insurer must discover and assert any grounds it might have to justify a rescission of the contract. Accordingly, the insurer must make its "contest of the policy" within the prescribed period, either by the institution of a suit to cancel the policy or by setting up misrepresentation or fraud in the procurement of the policy as a defense in an action brought by the insured or the beneficiary. But the present case is not within the concept of such litigation. Rather here, defendant's alleged understatement of his age was not, under the terms of the policy, ground for its rescission by plaintiff, for the policy expressly obligated plaintiff to pay the amount of insurance which the premiums paid would have purchased at defendant's "correct age." (1 Appleman, Insurance Law and Practice, ch. 10, p. 187, § 193; *Singleton* v. *Prudential Ins. Co.*, 11 App.Div. 403 [42 N.Y.S. 446, 448]; *Zolintakis* v. *Equitable Life Assur. Soc.* (C.C.A. 10th), 97 F.2d 583, 586.) A policy provision which measures the amount of recovery does not avoid the obligation of the policy. On the contrary, it gives the insured what his money bought at his correct age. The denial of liability under a policy by reason of fraud or misrepresentation in its procurement is the "contest" which is governed by the incontestable clause (Annos. 6 A.L.R. 452, 13 A.L.R. 675, 35 A.L.R. 1492, 170 A.L.R. 1048; *Coodley* v. *New York Life Ins. Co., supra,* 9 Cal.2d 269, 272-274; *Blair* v. *New York Life Ins. Co.*, 40 Cal.App.2d 494, 501 [104 P.2d 1075]; *Braun* v. *New York Life Ins. Co.*, 46 Cal.App.2d 335, 346 [115 P.2d 880]; *Trousdell* v. *Equitable Life Assur. Soc.*, 55 Cal.App. 2d 74, 78-81 [130 P.2d 173]), and not the raising of the question of coverage afforded by the policy under application of the age adjustment clause.

It appears that this precise problem has not heretofore been the subject of judicial review in this state. However, the matter apparently has been adjudicated in a number of other jurisdictions, and while there is some conflict of judicial opinion, the weight of authority clearly favors the view that an incontestable clause in a life insurance policy does not invalidate, or prevent enforcement of, an age adjustment clause or provision. (45 C.J.S. p. 770, § 751b; annos. 123 A.L.R. 1416 and 135 A.L.R. 446.) As said by Chief Justice

Cardozo in *Metropolitan Life Ins. Co.* v. *Conway*, 252 N.Y. 449 [169 N.E. 642], an incontestable clause "is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that *within the limits of the coverage,* the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken." (Italics added; see, also, *Metropolitan Life Ins. Co.* v. *Shalloway* (C.C.A. 5th), *supra,* 151 F.2d 548, 551; *Messina* v. *New York Life Ins. Co.,* 173 Miss. 378 [161 So. 462, 463]; *New York Life Ins. Co.* v. *Veit,* 294 N.Y. 222 [62 N.E.2d 45, 46].)

In *Murphy* v. *Travelers' Ins. Co.,* 134 Misc. 238 [234 N.Y.S. 278], a similar question arose as to the right of the insurance company to litigate the matter of the insured's age in the face of an incontestable clause in the policy. The insured took out the policy upon the representation that his age was 45 years when it was in fact 50. Upon his death following the expiration of the incontestable period, the insurance company paid the reduced amount in accordance with the terms of the age adjustment clause in the policy, and the beneficiary sued for the difference. In holding that the company's resistance to payment of the full amount of insurance was not a "contest" of the policy within the prohibition of the incontestable clause, the court said at page 280 [234 N.Y.S.] : "When the insured . . . applied for life insurance, no matter what age he may have stated in his application, he knew that he was entitled to no more than the amount which he could purchase for the stipulated premium at his true age. This was clearly what the [company] intended when it issued its policy. Can it be logically said that the [company] intended that this intent expressed in the contract should prevail for only one year [the prescribed incontestable period]? I do not think so. A contrary conclusion would of necessity involve an intentional injustice on the part of the [company] to every policy holder paying premiums predicated upon true age. This, it seems to me, was never contemplated.

"The claim that [the company] is contesting a contract contrary to its provisions is not well founded. The case might better be stated in this fashion: The [beneficiary] is attempting to enforce a contract which was never made, is seeking to obtain something which was never paid for, is striving to employ that which was designed for her protection as an instrument of injustice to the [company] and all its policy holders."

To like effect see *Equitable Life Assur. Soc.* v. *First Nat. Bank,* (C.C.A. 5th) 113 F.2d 272, 274 [135 A.L.R. 439]; *Metropolitan Life Ins. Co.* v. *Shalloway,* (C.C.A. 5th) *supra,* 151 F.2d 548, 550-552; *Ginsberg* v. *Union Central Life Ins. Co.,* 240 Ala. 299 [198 So. 855, 858-859]; *Messina* v. *New York Life Ins. Co., supra,* 173 Miss. 378 [161 So. 462, 463-464]; *Langan* v. *United States Life Ins. Co., supra,* 344 Mo. 989 [130 S.W.2d 479, 481-483, 123 A.L.R. 1409]; *Hall* v. *Missouri Ins. Co., supra* (Mo.App.) 208 S.W.2d 830, 832-833; *Stean* v. *Occidental Life Ins. Co., supra,* 24 N.M. 346 [171 P. 786, 787]; *Unterberg* v. *New York Life Ins. Co.,* 172 N.Y.S. 241, 242; *Grenis* v. *Prudential Ins. Co. of America,* 154 Misc. 867 [278 N.Y.S. 137, 138]; *Sipp* v. *Philadelphia Life Ins. Co.,* 293 Pa. 292 [142 A. 221, 222]; *Home Life Ins. Co. of America* v. *Greenspan,* 360 Pa. 542 [63 A.2d 72, 75].)

While, as heretofore indicated, there is some authority in support of defendant's view that the incontestable clause precludes enforcement of the age adjustment clause after the expiration of the specified period for ''contest'' of the policy, notably *Mutual Life Ins. Co.* v. *New,* 125 La. 41 [51 So. 61, 136 Am.St.Rep. 326, 27 L.R.A.N.S. 431], *Arnold* v. *Equitable Life Assur. Soc.,* (D.C.) 228 F. 157, and *Lincoln Health & Acc. Ins. Co.* v. *Jones,* 175 Okla. 211 [52 P.2d 793], these cases have been respectively distinguished and criticized as unsound in *Equitable Life Assur. Soc.* v. *First Nat. Bank,* (C.C.A. 5th) *supra,* 113 F.2d 272, 274-275, and *Langan* v. *United States Life Ins. Co., supra,* 344 Mo. 989 [130 S.W.2d 479, 482, 123 A.L.R. 1409].

The incontestable clause and the one fixing the terms of liability in case of misstatement of age are not inconsistent; there is no conflict between the two, but rather they both stand, one independent of the other. The like question has been the subject of discussion when there appeared a stipulation against liability in case of suicide (*Moore* v. *Bankers' Credit Life Ins. Co., supra,* 223 Ala. 373 [136 So. 798, 799]; *Myers* v. *Liberty Life Ins. Co.,* 124 Kan. 191 [257 P. 933, 935, 55 A.L.R. 542]; *Stean* v. *Occidental Life Ins. Co., supra,* 24 N.M. 346 [171 P. 786, 787]; *Scales* v. *Jefferson Standard Life Ins. Co.,* 155 Tenn. 412 [295 S.W. 58, 59, 55 A.L.R. 537]), a contingency provision governing the payment of double indemnity (*Sanders* v. *Jefferson Standard Life Ins. Co.,* (C.C.A. 5th) 10 F.2d 143, 144), a limitation dependent upon the cause of death (*Darden* v. *North American Ben. Assn.,* 170 Va. 479 [197 S.E. 413, 415]), or a restriction relieving

from responsibility to pay disability benefits (*Cohen* v. *Metropolitan Life Ins. Co.*, 32 Cal.App.2d 337, 346 [89 P.2d 732] ; *Fohl* v. *Metropolitan Life Ins. Co.*, 54 Cal.App.2d 368, 377 [129 P.2d 24] ). In all such instances the provisions, as part of the parties' agreement, have been enforced, notwithstanding the insertion of a stipulation limiting the right of contest.

█ Such distinction of a "contest of the policy" from a controversy as to policy coverage simply rests on the well-recognized principle that "where there has been no assumption of the risk, there can be no liability." (*Metropolitan Life Ins. Co.* v. *Conway, supra,* 252 N.Y. 449 [169 N.E. 642, 643] ; see, also, *Equitable Life Assur. Soc.* v. *First Nat. Bank,* (C.C.A. 5th) *supra,* 113 F.2d 272, 276 ; *Cohen* v. *Metropolitan Life Ins. Co., supra,* 32 Cal.App.2d 337, 346.)

█ In construing life insurance policies as in the construction of other contracts, the entire contract is to be construed together for the purpose of giving force and effect to each clause. (44 C.J.S. p. 1136, § 289 ; p. 1196, § 298 ; Civ. Code, § 1641 ; *Ogburn* v. *Travelers Ins. Co.,* 207 Cal. 50, 52-53 [276 P. 1004] ; *Security Trust & Sav. Bank* v. *New York Indem. Co.,* 220 Cal. 372, 377 [31 P.2d 365].) █ While it is settled law that in case of doubt the provisions of the insurance contract will be construed most strongly against the insurer (44 C.J.S. p. 1166, § 297c(1) ; *Fageol Truck & Coach Co.* v. *Pacific Indem. Co.,* 18 Cal.2d 731, 747 [117 P.2d 661] ; *Mutual Life Ins. Co.* v. *Margolis,* 11 Cal.App.2d 382, 387-388 [53 P. 2d 1017] ), the rule is equally well established that where the terms of the policy are plain and explicit, the court will indulge in no forced construction so as to cast a liability upon the insurance company which it has not assumed (44 C.J.S. p. 1190, § 297c(2) ; *Burr* v. *Western States Life Ins. Co.,* 211 Cal. 568, 576 [296 P. 273] ). █ In the interpretation of any written instrument, the primary object is to ascertain and carry out the intention of the parties. (44 C.J.S. p. 1146, § 291 ; Civ. Code, § 1636 ; *Ogburn* v. *Travelers Ins. Co., supra,* 207 Cal. 50, 52.) So here, the age adjustment clause is clear and explicit in its measure of the liability assumed by plaintiff ; it goes directly to the risk expressed in the terms of the policy according to the "correct age" of the insured. As such qualification on the coverage intended by the policy, it is not affected by the time limitation prescribed in the incontestable clause, at the end of which period plaintiff was bound to the full extent of the risk it had assumed but it was not

liable on a risk it had stipulated it would not assume—coverage that was not premised on defendant's "correct age." To hold otherwise and to the effect that the incontestable clause nullified the provision of the age adjustment clause would do violence to the clear intention of the parties plainly and unambiguously expressed. (*Metropolitan Life Ins. Co.* v. *Shalloway*, (C.C.A. 5th) *supra*, 151 F.2d 548, 551-552; *Ginsberg* v. *Union Central Life Ins. Co.*, *supra*, 240 Ala. 299 [198 So. 855, 858]; *Murphy* v. *Travelers' Ins. Co.*, *supra*, 134 Misc. 238 [234 N.Y.S. 278, 280].)

The "correct age of insurants is the chief corner-stone of the life insurance structure" (*Langan* v. *United States Life Ins. Co.*, *supra*, 344 Mo. 988 [130 S.W.2d 479, 483, 123 A.L.R. 1409]), with rates "based on mortality tables, worked out by actuaries" and premiums adjusted according to "life expectancy" experience (*Ginsberg* v. *Union Central Life Ins. Co.*, *supra*, 240 Ala. 299 [198 So. 855, 858]). In accord with such basic principle affecting the bargaining premise of the parties in their insurance contract, the age adjustment clause is included in the policy. (58 C.J.S. pp. 1210-1211.) The clear import of such clause is the agreement that any understatement of age, whether intentional or not, shall not be relied upon as a misrepresentation avoiding the policy within the purport of the incontestable clause but rather, in such event of misstatement, the full amount payable under the policy shall be the sum which the premiums paid would have purchased at the correct age. This is manifestly fair to both parties in effecting the "correct age" adjustment, whether the benefit redound to the insurer because of an understatement or to the insured because of an overstatement. It would be untenable to hold that the age adjustment clause should have effect only during the contest period prescribed by the policy as required by statute, and then become innocuous, for then the comprehensive age balance constituting the "corner-stone of the life insurance structure" would be completely distorted through conferring "all the benefits of the age adjustment clause on the insured" by inviting him to "understate his age, get by with it until the time for adjustment had passed, and thereupon become secure in the advantage he had so gained." (*Ginsberg* v. *Union Central Life Ins. Co.*, *supra*, 240 Ala. 299 [198 So. 855, 858].) It must be remembered that ordinarily the age of the applicant for insurance does not affect the acceptability of the risk, and admittedly plaintiff would have issued the policy as readily to defendant at age 47 as at age 45 years, with the

age factor simply operating to fix the insurance premiums according to the established mortality tables. ▮▮▮ Accordingly, the age adjustment clause cannot be held to conflict with the incontestable clause but rather, as an independent provision of the insurance contract, it expresses the parties' agreement for the correction of errors consistent with their rights and obligations during the life of the policy. (*Langan* v. *United States Life Ins. Co., supra,* 344 Mo. 988 [130 S.W.2d 479, 481-483, 123 A.L.R. 1409].)

In further objection to plaintiff's right to relief here, defendant cites the case of *Richardson* v. *Travelers Ins. Co.,* (C.C.A. 9th) 171 F.2d 699, for its holding that reformation of an insurance policy on the ground of mistake is barred after the expiration of the prescribed period in the incontestable clause. That case involved the attempt of the insurance company to reform the policy to express the true agreement of the parties, and such relief was denied. Whether or not the Richardson case was correctly decided (*cf.* notes, 62 Harv.L. Rev. 890; 97 Univ. of Pa.L.Rev. 741), it is nevertheless clearly distinguishable.

In the Richardson case it appears that through a mistake of the insurance company a pension policy was issued to the insured instead of a life insurance policy on a so-called "Uniform Premium Plan," there being a considerable difference in the benefits and the amount of premiums between the types of policies. Twenty years later the company sought to rectify the mistake through reformation of the policy, and the court held that in the face of the one-year incontestable clause, the company's action was tantamount to a contest of the terms of the policy itself and could not be maintained. But there the company was seeking to *vary* the express terms of the parties' written contract and to substitute therefor a policy containing entirely different provisions. Upon citation of *Dibble* v. *Reliance Life Ins. Co., supra,* 170 Cal. 199, where the incontestable clause was applied in limitation of the insurance company's right to cancel a policy because of alleged fraudulent representations by the insured, the court in the Richardson case designated the *mistake of the insurance company* to be, like fraud, an "inception defense," which must be litigated within the stated period of the incontestable clause.

The situation here is quite different in that plaintiff is seeking a reformation of the policy in accordance with the express terms of the age adjustment clause thereof, an enforcement of the provisions of the parties' insurance contract rather than

a variance therefrom. As so distinguished, the Richardson case may properly be limited as a decision holding that in the *absence of any other pertinent contractual provision,* the incontestable clause bars the insurance company from setting up mistake as a ground for reformation after lapse of the contestable period. While it is true that the mistake as to defendant's age arose at the inception of the policy and was then subject to correction, it does not appear reasonable to conclude that when the parties' contract expressly provided for an adjustment to rectify such inaccuracy, plaintiff nevertheless had the burden of making discovery of such error and was bound to litigate that misstatement within the two-year contestable period or be foreclosed from having the correction of defendant's age square with the fact. Rather, it would seem, as said in *Grenis* v. *Prudential Ins. Co., supra,* 154 Misc. 867 [278 N.Y.S. 137], at page 138 [278 N.Y.S.], "the consequences of the discovery of the true age of the insured are operative without relation to time. No matter when the discovery is made, the benefits would be adjusted accordingly. . . . [The correction] does not destroy but harmonizes with the intent and spirit of the incontestability provision that the adjustment of the benefits be regulated according to age, whenever the age is revealed, even though the revelation be subsequent to the [contestable period]." Under the circumstances, the ordinary rules of equity sustain plaintiff's right to a reformation of the policy to accord with "the contract of insurance providing the method of the fair and honest adjustment of the rights of the parties." (*Metropolitan Life Ins. Co.* v. *Trilling,* 194 App.Div. 178 [184 N.Y.S. 898, 902]; see 44 C.J.S. p. 1108, § 278; *Ginsberg* v. *Union Central Life Ins. Co., supra,* 240 Ala. 299 [198 So. 855, 859], and cases there cited.)

Before leaving this portion of the discussion, it may be well to state that as plaintiff was relying upon the terms of the contract as written, an action for declaratory relief (Code Civ. Proc., § 1060) would have afforded an equally appropriate remedy to determine the rights and duties of the parties thereunder. While the remedy of reformation was properly invoked, the point which should be stressed is that the nature of the reformation which plaintiff sought, unlike that sought in the Richardson case and in certain other cited cases, was entirely in line with the agreement of the parties as expressed within the four corners of their written contract.

Defendant finally contends that since the parties agreed that the "policy and the application therefor . . . con-

stitute the entire contract" and that "*this* policy shall be incontestable," plaintiff may not controvert defendant's age statement by resort to evidence outside the express provisions of their insurance contract. This argument is untenable as applied to plaintiff's right to adjust the terms of its coverage according to the risk assumed. As said in *Cohen* v. *Metropolitan Life Ins. Co., supra,* 32 Cal.App.2d 337, at page 346: "An incontestable clause in an insurance policy does not extend the coverage beyond the terms of the policy." Thus in the Cohen case, as in *John Hancock Mut. Life Ins. Co.* v. *Markowitz,* 62 Cal.App.2d 388 [144 P.2d 899], the incontestable clause of the policy did not foreclose the insurance company from introducing evidence in dispute of the insured's statements on his insurance application and to show the insured's claim for disability benefits was without the terms of the company's agreed coverage in that the disability had occurred prior to the effective date of the policy. (See, also, *Fohl* v. *Metropolitan Life Ins. Co., supra,* 54 Cal.App.2d 368, 377.) So in the present case, in determining a question of insurance coverage, the matter of defendant's "correct age" would be "open to investigation during the life of the policy, and if a misstatement as to it is discovered it [would] not avoid the policy, but 'any amount payable under it' . . . [must] be adjusted to the true age" (*Metropolitan Life Ins. Co.* v. *Shalloway,* (C.C.A. 5th) *supra,* 151 F.2d 548, 551-552) ; and material to the determination of that issue would be "definite statements or declarations of the person whose age is in question, made by him during his lifetime on solemn occasions when it was his bounden duty to speak the truth, and when there was no motive or occasion, actual or supposed, on his part to speak other than the truth" (*Messina* v. *New York Life Ins. Co., supra,* 173 Miss. 378 [161 So. 462, 464] ; see, also, *Langan* v. *United States Life Ins. Co., supra,* 344 Mo. 989 [130 S.W. 2d 479, 483, 123 A.L.R. 1409] ; *Sipp* v. *Philadelphia Life Ins. Ins. Co., supra,* 293 Pa. 292 [142 A. 221, 223-224] ; *Home Life Ins. Co. of America* v. *Greenspan, supra,* 360 Pa. 542 [63 A.2d 72, 74]). Accordingly, it follows that the trial court here erred in excluding admissions made by defendant on other documentary statements as to the date of birth. Since the right to recover moneys paid by an insurance company under a mistake as to the policy coverage, and in reliance upon the insured's representations in his application, has been recognized in this state as without the scope of the incontestable clause (*Cohen* v. *Metropolitan Life Ins. Co., supra,* 32 Cal.

App.2d 337, 346-347; *John Hancock Mut. Life Ins. Co.* v. *Markowitz, supra,* 62 Cal.App.2d 388, 397-398), plaintiff properly invokes the same reasoning as applicable in support of its action for reformation of the policy here involved to preclude the payment of moneys which would be subject to recovery if later discovered to have been paid under a mistake as to coverage liability.

■ Defendant argues that if plaintiff prevails in its proof on the age issue, it will succeed in avoiding the disability benefits and the waiver of premiums provided in the policy. But that was a condition of the policy coverage to which the parties specifically agreed, and the principle of decision cannot be affected by ''hardships, advantages or disadvantages which may result from . . . a construction'' of the insurance contract according to the parties' intent plainly and unambiguously expressed. (*Ogburn* v. *Travelers Ins. Co., supra,* 207 Cal. 50, 52; also *Burr* v. *Western States Life Ins. Co., supra,* 211 Cal. 568, 576.) So pertinent is Chief Justice Cardozo's observation in *Metropolitan Life Ins. Co.* v. *Conway, supra,* 252 N.Y. 449 [169 N.E. 642], at page 643 [169 N.E.]: ''A provision for incontestability does not have the effect of converting a promise to pay on the happening of a stated contingency into a promise to pay whether such contingency does or does not happen.'' (Also *Equitable Life Assur. Soc.* v. *Rothstein,* 122 N.J.Ch. 606 [195 A. 723, 724].)

The judgment is reversed.

Gibson, C. J., Traynor, J., White, J. pro tem., and Wood (Parker), J. pro tem., concurred.

CARTER, J.—I dissent.

The decision reached here by the majority of this court is another instance where lip-service is paid to a salutary rule by recognizing its existence only to find that under the facts presented it has no application. The rule to which I refer is the old and just one—that a contract of insurance shall be construed most strictly against the insurer.

The incontestability clause in the policy under consideration here provided that ''This Policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to the provisions and conditions relating to disability and Double Indemnity Benefits.'' In spite of the fact that none of the three exceptions is involved here, the majority of this court cites many authorities in sup-

port of the following statement: "It is generally held that the incontestable clause, after the lapse of time it specifies, prevents nullification of the insurance contract *for any cause not excepted in the clause.*" Of course, it is explained that what we have here is not a nullification of the contract, and not a contest, but only an effort to have the policy enforced according to its terms. This explanation is achieved by holding that the age adjustment clause if the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age) is not within the scope of the incontestable clause.

To hold that the insurer here is not contesting the policy is to play with words. The insurer is resisting payment of part of the face value of the policy despite the fact that it is claimed that it seeks only to enforce it according to its value as reformed. No matter what the insurer claims, this action destroys the validity of the policy in part. In *Arnold* v. *Equitable Life Assur. Soc. of U. S.*, 228 F. 157, the court said that under the terms of the policy no one would contend that the defendant could make an absolute defense upon the ground of misrepresentation as to age, so if it could not make a defense to the whole policy, how could it make a defense to it in part? And yet the defendant there, as here, denied liability for the face value but admitted liability for a smaller sum, the denial being based upon misrepresentation in the application for insurance. The court concluded that the partial defense pleaded could not be sustained.

An incontestable clause in an insurance policy is intended to free the beneficiary from delay, annoyance and expense in acquiring the amount which had been carefully provided. Premiums on life insurance policies are often paid at a great sacrifice, and one of the most disturbing and unsatisfactory features of the insurance contract is the fact that, after these sacrifices and payments have been made for a number of years, and the insured has died, so that his testimony and perhaps that of others has been rendered unavailable by the lapse of time and the occurrence of death, instead of receiving the promised reward, the beneficiary will be met with a contest and a lawsuit to determine whether the insurance ever had any validity or force. Hence it has become an almost universal practice with insurance companies to provide against any contest or forfeiture of their policies after a certain length of time, greater in some cases and less in others (*Clement* v. *New York Life Ins. Co.*, 101 Tenn. 22 [46 S.W. 561, 70 Am.St.

Rep. 650, 42 L.R.A. 247].) As was said in *Humpston* v. *State Mut. Life Assur. Co.*, 148 Tenn. 439, 441, 467 [256 S.W. 438, 31 A.L.R. 78] : ''The incontestable clause in the policies sued on was written into them by the defendant [insurance company] itself. It was contractual, and the effect of it was to prevent the insurer from interposing as a defense the falsity of the representations of the insured, which might be fraudulent. In other words, defendant said to the insured: 'I will take one year in which to ascertain whether your representations are false, and whether you have been guilty of any fraud in obtaining the contract and, if within that period, I do not ascertain or discover such falsity and fraud, I agree to make no further inquiry into these matters, and make no defense on account of them.' '' It is my belief that this is a correct analysis of the purpose of the incontestable clause in a policy of insurance. It is most definitely within the power of the insurer to include any exceptions it wishes to make *within the clause itself*, or specifically to refer to other clauses which it would make a part of the incontestable clause.

We are told here that when an insurance policy by its provisions is made incontestable after a specified period, as this one was, that the intent of the parties is to fix a limited time within which the insurer must discover and assert any grounds it might have to justify a rescission of the contract; that accordingly, the insurer must make its ''contest of the policy'' within the prescribed period, either by the institution of a suit to cancel the policy or by setting up misrepresentation or fraud in the procurement of the policy as a defense in an action brought by the insured or the beneficiary. As I have pointed out, the present action is a ''contest'' as to part of the policy whether or not it is actually called that.

We are also told that the correct age of insurants is the chief cornerstone of the life insurance structure but that ''it does not appear reasonable to conclude that when the parties' contract expressly provided for an adjustment to rectify such inaccuracy, plaintiff nevertheless had the burden of making discovery of such error and was bound to litigate that misstatement within the two-year contestable period or be foreclosed from having the correction of defendant's age square with the fact.'' To my mind, if the correct age of the applicant is of such vital importance to life insurance companies, it would appear to be much more reasonable to require the insurers to discover any such errors than to hold that the incontestable clause does not apply.

It would be as simple, and far more just, for this court to hold that the clause providing for adjustment when a misstatement of age has occurred, prevents rescission of the entire contract, provides for reformation so that the amount payable shall correspond to that which the premium paid would have purchased at the correct age, and that this reformation must take place within the time limited in the clause preventing a contest after the two-year period. In so doing, effect would be given to both the incontestable clause and the misstatement of age clause because both are general clauses, neither controlling the other. Thus both general clauses are construed together and effect given to both. In *Lincoln Health & Acc. Ins. Co.* v. *Jones*, 175 Okla. 211 [52 P.2d 793], the court pointed out that the company had, in such a situation, ample time to make inquiry about the age of the insured within the two years after the date of the policy. That if the insured understated his age, the company might have readjusted the policy on the basis of true age, but after two years had elapsed defenses are no longer available *unless the grounds are excepted by the terms of the policy.* It was concluded that the misstatement of age provision can only be taken advantage of by the insurance company during the two-year period provided for by the incontestable clause. (See, also, *Mutual Life Ins. Co. of New York* v. *New*, 125 La. 41 [51 So. 61, 136 Am.St. Rep. 326, 27 L.R.A. 431]; *Mitchell* v. *Pennsylvania Mut. Life*, 90 Pa.Super. 426; *Arnold* v. *Equitable Life Assur. Soc. of U. S.*, *supra*, 228 F. 157.)

If the foregoing construction is placed upon the policy here involved, the contract of insurance will be construed most strongly against the insurer, as it should be.

I would affirm the judgment.

SCHAUER, J.—I concur in the conclusion reached by Justice Carter.

The argument that in this case the incontestable clause should not be operative because it would work an injustice on other insureds goes too far. On that reasoning the incontestable clause could be held utterly meaningless in any case of misrepresentation or innocent mistake as to a material matter of fact.

It seems incongruous to me to recognize the express declarations of the policy that the "policy and the application therefor [in which the insured's age is stated] . . . constitute the

entire contract''; that ''This policy shall be incontestable after two years from the date of its issue except for non-payment of premium and except as to the provisions and conditions relating to Disability and Double Indemnity Benefits''; and then to hold that ''the matter of defendant's 'correct age' would be 'open to investigation during the life of the policy'.'' The exceptions to the incontestable clause above quoted are specific; they do not include misstatement of age.

The majority, as I understand their opinion, avoid giving effect to the two-year contest limitation in the incontestable clause by holding that this action to reform the policy is not a contest of liability under it. Yet these facts are unescapable: (1) On the face of the contract and the facts established, accepting the age statement as true, the insurer is liable to pay $50 a month to the insured, commencing October 15, 1945, and to waive premiums falling due under the policy from and after June 15, 1945. On the date of trial the amount prima facie due to the insured was $2,400 in disability payments plus $875.60 in premiums paid under protest, a total of $3,275.60. (2) The insurer refuses to pay any part of this sum except that it would refund what it claims are overpayments of premiums made since April 10, 1944, which date it alleges is ''the anniversary of said policy on which the insured's nearest birthday was sixty.'' (3) The insurer asks that ''said policy of insurance . . . be reformed by changing the face amount thereof [from $5,000] to $4,632 and by reducing the semi-annual premiums . . . payable under said policy . . . from and after April 10, 1944'' and that ''the application of . . . [the insured] . . . be reformed by changing the date of birth of said insured from April, 1886 to April, 1884.'' (4) The payment of disability benefits and the waiver of premium are conditioned on disability occurring before age 60; under the facts here alleged by the insurer, if the policy and application are reformed as sought by it, it will avoid entirely the payment of such benefits and the waiver of premiums. (5) The insured was born in Russia and there is no showing that the exact date of his birth was recorded or can be proved with certainty. The policy was applied for on April 10, 1931; it was issued on April 16, 1931; this suit for reformation was filed December 11, 1946. It is reasonable to believe that it would have been easier for the insured to find and produce evidence as to the date of his birth within two years from the time the policy was issued than after the lapse of more than 15 years. Hence the recital in the policy (which

includes the application) of the date of birth is a matter as to which the contest limitation period of two years is reasonable and appropriate.

It seems to me that the relief sought by the insurer, under the circumstances shown, amounts to a contest of its policy; certainly it is a contest of the insured's claim under the policy and his claim finds prima facie support in the policy and attached application. It is only by showing misrepresentation or mistake as to the insured's age that his claim is sought to be avoided. Since misrepresentation or mistake as to age is not listed as an exception to the limitation on contestability after two years, I think the trial judge was justified in the conclusions he reached. At most there is ambiguity in the policy which ambiguity, of course, was created by the insurer. As indicated above, it well may be difficult for the insured at this late date, particularly since he was born in a foreign country, to prove the exact date of his birth.

For the reasons stated I would resolve the ambiguity against the insurer and affirm the judgment.

The opinion was modified to read as above printed and respondent's petition for a rehearing was denied December 20, 1951. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.