62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wanda BROWN, Plaintiff-Appellant,
v.
MASSACHUSETTS CASUALTY INSURANCE COMPANY, aka: Mass
Casualty, Defendant-Appellee.
 No. 93-56619.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1995.
Decided Aug. 8, 1995.
 
 Before: BEEZER and TROTT, Circuit Judges, and SHUBB, District Judge.*
 MEMORANDUM**
 Wanda Brown appeals the district court's grant of summary judgment in favor of Massachusetts Casualty Insurance Company ("Massachusetts Casualty"). Brown filed this action alleging that Massachusetts Casualty failed to pay her disability payments due under three separate disability insurance policies. The district court granted summary judgment to Massachusetts Casualty holding that the disability policies were void ab initio because Brown had no insurable interest at the time the policies were executed.
 The district court had diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and reverse the grant of summary judgment.
 * Massachusetts Casualty argues that summary judgment should be affirmed on three grounds. First, Brown made numerous material misrepresentations in her policy application which Massachusetts Casualty is not precluded from contesting under the policies' incontestability clause. Second, the policies are void ab initio because Brown had no insurable interest at the time the policies were executed. Third, Brown is not entitled to disability payments because her disability claim is based on a pre-existing condition precluded by the terms of the policies.
 We review de novo a grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). The district court's decision is reviewed in the light most favorable to the non-moving party to determine whether any dispute of material fact exists and whether the district court properly applied applicable law. Id.
 II
 Massachusetts Casualty argues that it is entitled to rescind the disability policies because of material misrepresentations made by Brown in her insurance application. An insurer may rescind an insurance policy if the insured made material misrepresentations in an application which would have affected the insurer's acceptance of the application. Cal. Ins. Code Sec. 10380; Imperial Cas. & Indem. Co. v. Sogomonian, 198 Cal. App. 3d 169, 179 (1988); Thompson v. Occidental Life Ins. Co., 9 Cal. 3d 904, 914 (1973).
 In the policy application, Massachusetts Casualty asserts that Brown misstated the level of her earnings from her occupation as an accountant, the state of her health and medical condition and whether she had any other disability insurance policies. These misrepresentations would permit Massachusetts Casualty to rescind the policies. See, e.g., Rutherford v. Prudential Ins. Co. of Am., 234 Cal. App. 2d 719 (1965).
 However, the disability policies at issue contain an incontestability clause which provides: "After this policy has been in force for a period of two years during your lifetime, it shall become incontestable as to the statements contained in the copy of the application." The purpose of this clause is to fix a limited time period during which the insurer must discover and assert grounds which justify rescission of the insurance policy. New York Life Ins. Co. v. Hollender, 38 Cal. 2d 73, 78 (1951).
 Normally, this clause precludes Massachusetts Casualty from attempting to rescind the contract because of Brown's misrepresentations on her application. However, Massachusetts Casualty argues that Brown's actions in this case estop her from raising the incontestability clause as a defense. It contends that Brown deliberately delayed in filing her disability claim until the contestability period had run. See Ferguson v. Unionmutual Stock Life Ins. Co. of Am., 673 F.2d 253, 255 (8th Cir. 1982), cert. denied, 459 U.S. 839 (1982) (holding that a deliberate delay in filing the notice of claim and proof of loss bars plaintiff from invoking the incontestability clause as a defense to the insurer's claim of fraud in the policy application).
 The accident from which Brown now claims she is totally disabled occurred in 1984, during the contestability period. Brown did not file a claim for disability until 1989, after the incontestability clause became effective. However, Brown submitted affidavits from herself and her doctor stating that the source of her current alleged disability was not discovered until 1989 and that she did not become totally disabled from this accident until 1989.
 Whether Brown deliberately delayed in filing her claim until the incontestability clause became effective is a disputed question of fact which cannot be resolved by summary judgment at this time.
 III
 Massachusetts Casualty alternatively argues that the disability policies are void ab initio because Brown had no insurable interest at the time she entered into the insurance contract. Under California law, an insured must have an "insurable interest" at the time the policy becomes effective. Cal. Ins. Code Secs. 286, 10110.1(d). See also Jimenez v. Protective Life Ins. Co., 8 Cal. App. 4th 528, 536-37 (1992). If no insurable interest exists, the policy is void ab initio. Cal. Ins. Code Sec. 280. California law also provides that a policy which is void ab initio may be contested at any time, even after the contestability period has expired. Crump v. Northwestern Nat'l Life Ins. Co., 236 Cal. App. 2d 149, 157 (1965).
 Massachusetts Casualty argues that the insurable interest in the context of disability insurance policies is the capacity to earn a living in a chosen occupation. When an individual is totally disabled from performing an occupation, that individual has no interest to insure by a disability policy. Massachusetts Casualty further asserts that Brown was totally disabled at the time that the 1983 and 1986 policies became effective[1] and therefore had no earning capacity. Consequently, she had no insurable interest at the time the policy became effective.
 While seemingly sound, Massachusetts Casualty's argument contradicts both the doctrine of insurable interest and California statutory law. The insurable interest doctrine is grounded in public policy. When seeking life, disability or property insurance on another person's life, health or property, public policy requires that an insurance applicant have an insurable interest in the insured individual or property. The rationale is that if an insured does not have an interest in another's life, continued health, or property, the insured individual or property will be more valuable to the applicant if the subject of the insurance policy is dead or disabled, or, in the case of property, destroyed.
 California's insurable interest statute reflects this public policy. Cal. Ins. Code Sec. 10110.1(a) provides that an individual's insurable interest in a life or disability insurance policy based on the life or health of another person is limited to a reasonable expectation of pecuniary advantage through the continued life, health or bodily safety of another person and consequent loss by reason of that person's death or disability. See also Jimenez, 8 Cal. App. 4th at 536 (a creditor's insurable interest in a life insurance policy based on the life a debtor is limited to the amount of debt owed by the creditor.)
 The public policy concerns are different when an individual seeks a life or disability insurance policy based on their own life or health. Individuals will always have an insurable interest in their own life or health. The California Insurance Code recognizes that individuals have an unlimited insurable interest in their own life, health and bodily safety, not limited to any quantifiable pecuniary loss. Cal. Ins. Code Secs. 10110, 10110.1(b).
 Under this analysis, Brown has an insurable interest in her health at all times, not limited to the pecuniary loss she shall suffer if disabled and unable to work. The insurable interest is her own health, not the income she would lose if unable to work. Whether she has misrepresented this health or the work in which she was engaged in seeking the policies present different questions. She nonetheless has an insurable interest.
 While the equities of this case certainly weigh in favor of Massachusetts Casualty, its argument is contrary to the California insurable interest statute. We hold that Brown had an insurable interest in her health and bodily safety at the time the policies in question became effective and reverse the grant of summary judgment on this ground.
 IV
 Massachusetts Casualty's third ground for affirmance of the summary judgment is that Brown's current alleged disability began before the 1983 and 1986 policies were in force. Under California law, a disability policy substantially similar to the policies at issue was held not to cover disabilities which arise from an illness which manifests prior to the issuance of the policy. John Hancock Mut. Life Ins. Co. v. Markowitz, 62 Cal. App. 2d 388 (1944) (Insured who had previously been disabled due to tuberculosis is not entitled to disability for recurrence of the disease for it was contracted before the policy was issued.).
 Massachusetts Casualty argues that Brown suffered from headaches which caused disability prior to the issuance of the 1983 and 1986 policies. They argue that this same disability is the basis of Brown's current disability claim. Brown responded by submitting an affidavit of a registered nurse. This affidavit explained that while her current medical condition and that from which she suffered from 1981 through 1987 have a mutual symptom - headaches - the alleged disabilities are distinct and arise from wholly different sources. The nurse states that the first disability arose from nasal problems caused by a fall while her current alleged disability arises from a herniated disc caused by an automobile accident.
 Again, a disputed issue of fact currently exists concerning whether Brown's current claim for disability is based on a new medical condition or a pre-existing one. Summary judgment on this basis would be inappropriate at this time.
 V
 Brown spends a great deal of time in her brief arguing that the district court abused its discretion with regard to ruling on the materiality of the 1989 "rollover" policy. Pursuant to Fed. R. Civ. P. 60(b), Brown moved for reconsideration of the summary judgment and to set aside the judgment based on the newly discovered evidence of this policy. She also moved for leave to amend the complaint to allege a new cause of action based on the 1989 policy. Because we reverse the grant of summary judgment, Brown's Rule 60(b) motion is moot.
 A motion for leave to amend a complaint is reviewed for an abuse of discretion. National Abortions Federation v. Operation Rescue, 8 F.3d 680, 681 (9th Cir. 1993). The district court did not abuse its discretion in denying Brown leave to amend. If the 1989 policy is considered a continuation of the 1983 policy, amendment of the complaint would be a fruitless exercise.
 Even if the 1989 policy is considered a new, separate policy, it could not provide coverage for Brown's disability claim. She filed the present claim six months before the 1989 policy became effective. Therefore, Brown did not suffer a loss, as defined by the policy, while the policy was in effect. The 1989 policy provides that: "If you [the insured] suffer an Injury or Sickness that results in total disability which begins while this Policy is in force, we [Massachusetts Casualty] will pay monthly benefits while you are totally disabled." The district court did not abuse its discretion in denying leave to amend.
 VI
 Brown seeks attorney's fees on appeal but does not state the authority pursuant to which she is seeking fees. Circuit Rule 39-1 requires that a party state the authority pursuant to which a fee request is based in its opening brief. Because Brown has failed to do this, she is not entitled to fees on appeal.
 VII
 While we reverse the grant of summary judgment, we note that Massachusetts Casualty may nonetheless prevail on the merits of this case. For instance, Massachusetts Casualty may prove that Brown's disability claim is based on a pre-existing condition, that she deliberately delayed in filing her claim or that she was not in fact disabled as a result of the automobile accident.
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable William B. Shubb, United States District Judge for the Eastern District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Massachusetts Casualty introduced uncontroverted evidence that Brown was totally disabled when the 1983 and 1986 policies became effective. Brown sought and received disability payments from Provident Insurance Company due to total disability resulting from an elevator accident. In her claim forms to Provident, Brown asserted that she was unable to work and was limited to bed rest. She also submitted statements from her doctor stating that she was totally disabled. Brown received disability benefits from Provident continuously from 1981 to 1987